Applicant-appellant, Andrew Lowe, appeals from the district court's denial of his application for postconviction relief. He contends the court erred in denying his application based on ineffective assistance of counsel for failure to advise him his confession, without corroboration, was not sufficient to convict him. He argues his guilty plea was not made intelligently and voluntarily. We affirm. I.Background Facts and Proceedings.
In January of 2004, Lowe was seventeen years old and residing in a juvenile residential treatment placement at the Four Oaks sexual offender program in Linn County. As part of his treatment, Lowe was encouraged to admit any other incidents that would be beneficial to his treatment. During a counseling session, Lowe revealed to his sexual offender treatment counselor that he had sexually abused a neighbor's three-year-old child in July of 2003. Lowe was told he should to tell his juvenile court officer about the abuse and he did so. His juvenile court officer provided the information to law enforcement. As a result, Lowe was charged with sexual abuse in the second degree. As a result of a plea agreement, Lowe pled guilty to the lesser included offense of third-degree sexual abuse. He was granted a deferred judgment and placed on probation. Following several probation violations by Lowe, the district court entered an order finding Lowe guilty of sexual abuse in the third degree. The court sentenced him to ten years imprisonment and suspended the sentence. This court affirmed his conviction on direct appeal, but preserved his ineffective-assistance-of-counsel claims for possible postconviction relief proceedings. State v. Lowe, No. 05-2031 (Iowa Ct.App. Dec. 13, 2006).
In February of 2007, Lowe filed an application for postconviction relief, alleging he received ineffective assistance of counsel because "counsel advised applicant to plead guilty without advising all the consequences of the plea agreement and without pursuing motion to suppress." A hearing on his application occurred in November of 2007. In April of 2008, before a ruling was issued, Lowe filed an application to reopen the record to raise an additional issue, that his plea was not knowing, intelligent, or voluntary, "based upon trial counsel's failure to advise him that pursuant to Iowa Rule of Criminal Procedure 2.21(4), the confession of defendant will not warrant a conviction, unless accompanied with other proof that the defendant committed the offense." He asserted he would not have pled guilty if he had known of the rule.
The court granted the application to reopen the record and held a hearing in June. At the hearing, Lowe testified his attorney did not advise him of the rule that requires corroboration of a confession. His father testified he was present at most of the meetings between his son and trial counsel and the attorney did not advise his son of the rule. Trial counsel testified he met with Lowe and his parents a number of times. He discussed the evidence against Lowe. When asked if he discussed the rule about corroboration of confessions, he replied:
 I don't remember either way. I don't remember specifically talking to him about it but I knew the rule and I knew that was one of the issues in the case since there was a confession and one of the issues was whether there was enough corroborating evidence besides the confession, but I don't remember specifically talking to Andrew about that rule or that body of law.
In response to a question about his estimation of the corroborating evidence, the attorney said:
 Well, the corroborating evidence was not strong — I thought it was enough to be corroborating evidence. I think my recollection of the case law, my understanding of the case law [is] it didn't take much to corroborate a confession and I think there was enough there to corroborate it, and that — I do know that went into my thinking about when I advised him to take the deal. But the — again whether I specifically decided — I'm sure I didn't cite the code section or rule to Andrew, I wouldn't have done that, but I knew about the law, the body of law, and whether I explained this to Andrew or didn't, I can't tell you, I don't know, but I knew about it.
 The hearing also included testimony and other evidence of what corroborating evidence existed. The corroborating evidence included a child abuse investigation, concluding "the allegations of sexual abuse in the second degree with [the child] as the victim and Andrew Lowe as the perpetrator is FOUNDED." The child abuse investigation, the police investigation, and the child protection center staff person who interviewed the girl in February of 2004, all reveal details of the interview with the girl who, at the time of the interview, was four years old. She was able to identify private parts on her body. Before mentioning Lowe in the interview, when the girl was asked if anyone did something naughty, she said, "yeah, Andrew." Although her answers to repeated questions about Andrew and the time he spent with her were not consistent, she indicated Andrew touched her private parts, he deserved a "time out" for touching her private parts, and she would go to Andrew's house and tell him not to touch private parts. Statements from the girl's parents placed Andrew with the girl in the house at the time in question, while the parents were working outside in the yard.
In September of 2008, the court issued its ruling that denied Lowe's application for postconviction relief. The court ruled on both the motion-to-suppress issue and the necessity-of-corroboration issue.[1] The court found:
 With regard to the Iowa Rule of Criminal Procedure 2.21(4) issue, Randall Lowe [the father] does not recall ever discussing the rule with Attorney Stevens. Randall Lowe believes that if Attorney Stevens had utilized the provisions of Rule 2.21(4), a good defense might have been available to his son. [Andrew] Lowe does not believe there was corroborative evidence to support his admission, and also does not recall discussing the defense with Attorney Stevens. Lowe believes that, if he had known about the defense, he would not have entered a guilty plea.
 Attorney Stevens was aware of Iowa Rule of Criminal Procedure 2.21(4). He had several discussions with Lowe and his parents about the evidence the State would use against Lowe, and in those discussions Attorney Stevens considered the application of Rule 2.21(4) to Lowe's case. Attorney Stevens thought the other evidence in the case was strong enough to be corroborating evidence, particularly in the form of records and testimony of [the child] and her family. Attorney Stevens considered the implications of [the child's] statement, and had concerns about how the statement and [the child's] testimony would impact Petitioner's defense. At best, Attorney Stevens believed that — in order for a court to determine whether the evidence was sufficient to be corroborating evidence — the case would have to go to trial; and that was a risk Attorney Stevens did not believe was in Lowe's best interests. The court finds that Lowe agreed.
The court concluded that Lowe "made a knowing, voluntary, and intelligent decision" to plead guilty. The court further concluded:
 At the time of the plea and sentencing, it appears Petitioner intended to reap the benefits of having the deferred judgment offered to him. Only now, when the deferred judgment has been withdrawn, has Petitioner chosen to argue that his plea was not entered knowingly and voluntarily. Petitioner himself made this point clear in his testimony at the postconviction trial when he stated that it was correct that — if he had not lost his deferred judgment — he probably would not be in court on the postconviction matter.
 This court concludes that the evidence is insufficient to prove that Petitioner's plea of guilty to Sexual Abuse in the Third Degree was involuntary. In fact, the Court has little doubt but that — if Petitioner were to have spent hours discussing the potential motion to suppress and Rule 2.21(4) with Attorney Stevens and dozens of other criminal defense attorneys, Petitioner would do exactly as he did on March 17, 2005, and enter a guilty plea pursuant to the plea agreement offered by the State. In doing so, he lifted from his shoulders the weight of a possible Class B felony conviction to the offense of Sexual Abuse in the Second Degree with a potential 25-year prison sentence.
The court also concluded, "There is no indication, other than Petitioner's self-serving testimony at the post-conviction trial, that the guilty plea was entered unknowingly and involuntarily." II. Scope and Standards of Review.
We typically review postconviction relief proceedings on error.Osborn v. State, 573 N.W.2d 917, 920 (Iowa 1998). However, when the applicant asserts claims of a constitutional nature, our review is de novo. Id. Therefore, we review claims of ineffective assistance of counsel de novo.State v. Oetken, 613 N.W.2d 679, 683 (Iowa 2000). In addition, we give weight to the district court's findings concerning witness credibility. Ledezma v. State,626 N.W.2d 134, 141 (Iowa 2001); see also Iowa R. App. P. 6.904(3)(g).
To establish an ineffective-assistance-of-counsel claim, an applicant must demonstrate by a preponderance of the evidence "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." State v.Straw, 709 N.W.2d 128, 133 (Iowa 2006). We need not address both prongs if the applicant makes an insufficient showing on one of the prongs. Kirchner v. State,756 N.W.2d 202, 204 (Iowa 2008); State v. Greene,592 N.W.2d 24, 29 (Iowa 1999). The two-pronged analysis applies to ineffective-assistance claims arising out of the guilty plea process. Hill v. Lockhart, 474 U.S. 52, 57,106 S. Ct. 366, 370, 88 L. Ed. 2d 203, 209 (1985) (citing Stricklandv. Washington, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052,2065, 2068, 80 L. Ed. 2d 674, 694, 698 (1984)). An applicant claiming ineffective assistance of counsel concerning a guilty plea must prove that, but for counsel's breach, there is a reasonable probability the applicant would have insisted on going to trial. Straw, 709 N.W.2d at 133.
III. Merits.
Essential Duty. A guilty plea results in a waiver of several constitutional rights. State v. Kress,636 N.W.2d 12, 21 (Iowa 2001). For the waiver to be valid, there must be an intentional relinquishment of known rights.State v. Philo, 697 N.W.2d 481, 488 (Iowa 2005).
 The Due Process Clause requires that a guilty plea be voluntary. To be truly voluntary, the plea must not only be free from compulsion, but must also be knowing and intelligent. Consequently, a defendant must be aware not only of the constitutional protections that he gives up by pleading guilty, but he must also be conscious of the nature of the crime with which he is charged and the potential penalties.
State v. Loye, 670 N.W.2d 141, 150-51 (Iowa 2003) (citations omitted).
Essential Duty. It is clear that counsel knew the rule requiring corroboration and considered it in evaluating the evidence and in advising Lowe to accept the plea agreement. Attorney Stevens also testified he would not have "cited" the rule to Lowe, but would instead have explained the rule. He could not, however, remember whether he actually explained the rule to Lowe. Although Lowe had the benefit of counsel's considered analysis of the evidence and the risks he faced if he chose to go to trial, we cannot say he had the opportunity to weigh his options with knowledge of the requirement that his confession be corroborated. Without this opportunity, we do not agree with the postconviction court that Lowe "made a knowing, voluntary, and intelligent decision to accept the negotiated plea agreement offer of a deferred judgment." This is not to say that Lowe did not make the decision he believed was in his best interest, but only that counsel did not provide him with all the information he needed to make an informed decision. We conclude trial counsel failed in an essential duty. We must consider, therefore, whether Lowe demonstrated prejudice.
Prejudice. In order to prove prejudice, Lowe must demonstrate there was a reasonable probability he would have insisted on going to trial instead of pleading guilty.Straw, 709 N.W.2d at 133. The district court concluded that Lowe's testimony at the postconviction hearing was "self-serving." We give weight to the court's view of Lowe's credibility. We also find it supported by the record before us. Lowe testified he would have insisted on going to trial if he had known his confession had to be corroborated. He further testified he was assuming there was no corroborating evidence. He knew by going to trial he could face twenty-five years in prison if convicted. He knew about the evidence against him. He had his attorney's considered opinion about the strength of the State's case. He understood the benefits of the plea agreement — that he would have no adult criminal record, he would not be required to register as a sex offender, and he would not be facing imprisonment. He testified he would not have challenged the guilty plea and counsel's performance if he had not violated his probation and lost the benefits of the deferred judgment. We do not find credible Lowe's assertion he would have insisted on going to trial if he had known about the rule requiring corroboration of his confession. Given the circumstances and evidence before us, we find no reasonable probability Lowe would have refused the plea agreement and insisted on being tried on the more serious offense. Therefore, Lowe has not demonstrated prejudice. We affirm the denial of his application for postconviction relief.
AFFIRMED.
[1] On appeal, Lowe raises only the corroboration issue.