# IN THE COURT OF APPEALS OF IOWA

No. 14-0332
Filed February 11, 2015

**ANDREW LOWE,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

Appeal from the Iowa District Court for Tama County, Mary E. Chicchelly,

Judge.


A defendant appeals from the denial of his application for postconviction

relief. **AFFIRMED.**


John J. Bishop, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Kyle P. Hanson, Assistant Attorney

General, and Brent D. Heeren, County Attorney, for appellee State.


Considered by Danilson, C.J., Bower, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, S.J.**

On July 27, 2011, Andrew Lowe filed for postconviction relief, but his request was denied on January 29, 2014.  Lowe has appealed, and we affirm.

## I. Background Facts and Proceedings

In January 2004 Lowe was residing in a juvenile residential treatment facility and had been placed in the sexual offender treatment program.  The placement was the result of a juvenile delinquency finding regarding sexual abuse of a minor.  As a part of the program he was repeatedly asked to report any other sexual abuse of a minor in which he had been involved.  Lowe testified he was told to be honest and that he would not get into trouble or be charged with any admission he might make.  During a session with his sexual offender treatment counselor, Jeremy Hrabek, he admitted touching a neighbor's four-year-old daughter inappropriately in July 2003.  Hrabek disclosed the conversation to his supervisor, Chris Olds.  Olds instructed Lowe to convey the admission to his juvenile court officer, Craig Grebner.  Lowe called Grebner and Grebner notified law enforcement.  There was an investigation and corroboration was obtained.  Lowe was charged with sexual abuse in the second degree.

Lowe's trial counsel was aware of the disclosure and was concerned with the confidential and arguably privileged nature of the statement, as well as the lack of a *Miranda* warning accompanying the admission that triggered the investigation and charges.  Defense counsel prepared a motion to suppress Lowe's statement, but decided to wait until depositions had been taken before filing the motion.  Lowe and his parents were also aware the investigation was triggered by the admission and aware of the possibility and ramification of its

suppression. The county attorney approached defense counsel and indicated that if Lowe pled guilty he would reduce the charge to third-degree sexual abuse and recommend a deferred judgment.

Defense counsel never filed the motion to suppress. He was not sure he could prevail on the motion to suppress and, even if he did, there was a possibility that Lowe could be convicted of the greater offense based on other evidence available to the State. Defense counsel was concerned the offer would be withdrawn it the motion was filed and pursued. After discussions with Lowe it was decided they did not want to jeopardize the plea agreement. The plea offer was accepted, and the plea of guilty was entered. Lowe was sentenced in accordance with the plea agreement. Lowe appealed. One of the issues raised was ineffective assistance of counsel. Lowe's conviction was affirmed, but the issue of ineffective assistance of counsel was preserved for postconviction relief. *See State v. Lowe*, No. 05-2031, 2006 WL 3615005, at *2 (Iowa Ct. App. Dec. 13, 2006). Procedendo issued January 26, 2007.

A report of violations of the terms and conditions of Lowe's deferred judgment was filed and after a hearing, an order was entered on November 10, 2005, taking away the deferred judgment and adjudicating Lowe guilty of sexual abuse in the third degree. He was granted probation, but was required to reside in a community corrections center until maximum benefits had been achieved.

On February 9, 2007, Lowe filed his first application for postconviction relief based on ineffective assistance of counsel. Counsel's advice to plead guilty without filing the motion to suppress was one of his claims. The trial court denied his request for postconviction relief and he appealed. However, appellate

counsel apparently did not advance trial counsel's failure to attack the admissibility of Lowe's admission as a component of the claim of ineffective assistance of counsel in his appeal brief. *See Lowe v. State*, No. 08-1551, 2009 WL 1677240, at *4 (Iowa Ct. App. June 17, 2009).

That failure is the basis of Lowe's present claim of ineffective assistance of appellate counsel. This matter was tried based on the evidence received in the first postconviction-relief proceeding. The underlying issue was again trial counsel's ineffective assistance based on a failure to file a motion to suppress relative to the admission that Lowe made. The trial court denied the request for postconviction relief and Lowe has appealed.

## II. Standard of Review

Postconviction relief proceedings are normally reviewed for errors of law, but claims of ineffective assistance of counsel raise constitutional issues and are reviewed de novo. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).

## III. Error Preservation

It is generally considered that an issue must be raised and ruled on by the trial court for it to be preserved on appeal. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Lowe raised appellate counsel's failure to pursue the issues raised in the motion to suppress before the trial court, and it was ruled on. Error has been preserved. The State's brief on appeal notes that the second application for postconviction relief was not filed within the statutory time period. *See* Iowa Code § 822.3 (2013). That issue was not raised before the district court. Error has not been preserved as to that issue. *DeVoss v. State*, 648 N.W.2d 56, 63 (Iowa 2002).

**IV. Discussion**

Lowe's appellate counsel in the first postconviction proceeding was not called to testify as to why he had not pursued trial counsel's failure to file the motion to suppress and the issues it contained. Instead, the proceeding was directed exclusively to the merits of trial counsel's decision to enter the plea of guilty without filing the motion to suppress.

To establish ineffective assistance of counsel a claimant must establish by a preponderance of the evidence counsel failed to perform an essential duty and prejudice resulted. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Lowe entered a plea of guilty. Due process requires that a guilty plea be entered voluntarily and intelligently. *Id.*

Lowe testified at length about how his admission was gained in a setting he believed was confidential and privileged, and how it was subsequently used to pursue the investigation that led to the filing of the charges. Defense counsel testified that Lowe and his parents were aware of the issues of confidentiality and privilege and the lack of a *Miranda* warning. That concern led to counsel's preparation of a motion to suppress. Lowe cannot contend he was unaware of the issues raised by the unfiled motion to suppress. It is easy to see why Lowe feels the admission which triggered the investigation was obtained unfairly and by trickery and deceit. Nevertheless, these considerations were weighed against a favorable plea agreement and a decision to enter the plea was reached. It is difficult to find that counsel failed to perform an essential duty in failing to file the motion, but even if he did, prejudice still must be established. If prejudice does not exist a claim of ineffective assistance of counsel can be decided without

considering whether an essential duty was breached. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).

To establish prejudice a claimant must establish there was a reasonable possibility that but for the ineffective assistance alleged he or she would not have pled guilty. *Straw*, 709 N.W.2d at 138. Lowe pled guilty to a highly favorable plea agreement which reduced a possible second-degree sexual abuse charge to third-degree sexual abuse and a deferred judgment. Lowe testified at his first postconviction-relief proceeding that he would not have been involved in a postconviction hearing if the deferred judgment had not been revoked. Even though in the initial postconviction-relief proceeding trial counsel was found to have failed to perform an essential duty on a separate issue, the court denied postconviction relief stating, "Given the circumstances and evidence before us, we find no reasonable probability Lowe would have refused the plea agreement and insisted on being tried on the more serious offense. Therefore, Lowe has not demonstrated prejudice." *Lowe v. State*, No. 08-1551, 2009 WL 1677240, at *5 (Iowa Ct. App. June 17, 2009). We have the same record before us, and we also find that Lowe has failed to prove prejudice. There is nothing in the record to establish that Lowe would have risked the certainty of his favorable plea deal by filing the motion to suppress and risking the uncertain consequences.

**AFFIRMED.**