**IN THE COURT OF APPEALS OF IOWA**

No. 15-1597
Filed June 7, 2017

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**LUCAS TYLER IDDINGS,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Marion County, Steven W. Guiter,

District Associate Judge.

　　　　A defendant appeals following the revocation of his deferred judgment,

challenging the knowing and voluntary nature of his guilty plea.  **AFFIRMED.**

　　　　Jeremy L. Merrill of Lubinus Law Firm, P.L.L.C., Des Moines, for

appellant.

　　　　Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney

General, for appellee.

　　　　Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**PER CURIAM.**

Lucas Iddings appeals following the revocation of the deferred judgment he was granted after entering a guilty plea to possession of contraband while confined, a class "D" felony, in violation of Iowa Code sections 719.7(1), 719.7(3)(c), and 719.7(4) (2014).[1] He asserts his plea was not voluntarily and intelligently entered because the court failed to inform him of the applicable surcharges in accepting his guilty plea, violating the holding in *State v. Fisher*, 877 N.W.2d 676, 686 (Iowa 2016). Related to this issue is whether the district court properly informed Iddings of his right to file a motion in arrest of judgment and whether Iddings's counsel was ineffective. For the reasons stated, we affirm but preserve his claim of ineffective assistance of counsel for postconviction relief.

On December 2, 2014, Iddings entered a guilty plea as part of a negotiated plea agreement involving a joint recommendation for a deferred judgment with respect to the count at issue in this appeal. During the plea colloquy, the court informed Iddings the court "has heard the plea agreement,

---

[1] During the same plea proceeding, Iddings also pled guilty to interference with official acts and assault causing bodily injury. Iddings was given a suspended sentence on both of these convictions, and his terms of probation were ordered to run concurrently with the probation imposed on the possession-of-contraband-while-confined count. Before the case was transferred to this court, our supreme court issued an order concluding the appellate courts lack jurisdiction over the interference-with-official-acts and assault-causing-bodily-injury convictions because a direct appeal is precluded "from probation revocation rulings that require a criminal defendant serve a previously suspended sentence." With respect to those two counts, Iddings can only raise a challenge through a postconviction-relief action. *See State v. Rheuport*, 225 N.W.2d 122, 123 (Iowa 1975); *see also State v. Farmer*, 234 N.W.2d 89, 90-91 (Iowa 1975) ("We held [in *Rheuport*] the legislature intended to make postconviction proceedings under Code chapter 663A the exclusive remedy for challenging postconviction orders."). We therefore will not address these convictions in this opinion.

and the court will go along with the plea agreement at the time of sentencing."[2]

Subsequently, the court informed Iddings the maximum fine for the offense was $7500 and the maximum prison sentence was five years. The court also informed Iddings of the minimum fine of $750.

Significant to the issue of whether Iddings was properly informed of his right to file a motion in arrest of judgment, during the colloquy, the court stated:

> Mr. Iddings, I must further advise you that if you would decide to challenge your guilty plea based on any alleged defects or mistakes made in these plea proceedings, you must file a motion in arrest of judgment. The motion must be filed not later than forty-five days after this plea and at least five days before the date set for sentencing. In your motion you must set forth why the plea is not correct. Unless you do so, you will be precluded from attacking the guilty plea you have just entered. Your attorney can inform you further as to your right to file a motion in arrest of judgment.
>
> You also have the right to a [fifteen]-day continuance from this date before sentence is pronounced. If you waive this [fifteen]-day period—or you may waive this [fifteen]-day period and you may request immediate sentencing. This is solely your decision. It is my understanding that you do wish to waive or give up that [fifteen]-day continuance?
>
> [Iddings]: Yes, Your Honor.
>
> The Court: Do you understand that by doing so you're giving up your right to file a motion in arrest of judgment?
>
> [Iddings]: Yes, I do, Your Honor.
>
> The Court: By doing so you will never be able to challenge your guilty plea. Do you understand this?
>
> [Iddings]: Yes.
>
> The Court: By not filing a motion in arrest of judgment, you will not be able to file an appeal of your guilty plea to the Iowa Supreme Court. Do you understand this?
>
> [Iddings]: Yes, I do, Your Honor.
>
> The Court: By requesting immediate sentencing, you are waiving or giving up your right to appeal your guilty plea in this case. Do you understand this?
>
> [Iddings]: Yes, I do, Your Honor.

---

[2] Although by all appearances the plea was entered pursuant to Iowa Rule of Criminal Procedure 2.10(3), the transcript of the proceedings reflects no reference to this being a "rule 2.10(3)" plea.

> The Court: Understanding what you will be giving up, do you still request an immediate sentencing?
>
> [Iddings]: Yes, Your Honor.
>
> The Court: You waive or give up your right to file a motion in arrest of judgment—do you waive your right to file a motion in arrest of judgment?
>
> [Iddings]: Yes, I do, Your Honor.

The court then accepted the guilty plea and, during the sentencing hearing, the court followed the joint recommendation, granting Iddings a deferred judgment, placing him on probation for three years, and ordering him to pay a civil penalty in the amount of $750.00.[3]

Approximately six months later, a probation violation report was filed, recommending Iddings's probation be revoked. At the probation revocation hearing on July 28, 2015, Iddings stipulated to violating his probation, and the court revoked his deferred judgment and imposed a five-year term of imprisonment plus the minimum fine and applicable surcharges and court costs.[4] He now appeals, challenging the knowing and voluntary nature of his guilty plea.

**I. Error Preservation—Motion in Arrest of Judgment.**

In order to challenge his guilty plea on appeal, Iddings was required to file a motion in arrest of judgment. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). A failure to file a motion in arrest of judgment can be excused if the defendant was not advised of the necessity of filing the motion in arrest of

---

[3] The court concluded Iddings voluntarily entered the plea, fully understood his rights, voluntarily waived those rights, understood the charge and the consequences of the plea, and that a factual basis existed for the plea.

[4] Iddings was given credit for the amount of civil penalty he paid while he was on probation.

judgment and the consequences for failing to do so. *See Fisher*, 877 N.W.2d at 680 (noting a failure to file a motion in arrest of judgment is excused if the defendant was not advised of the necessity to file the motion as required by rule 2.8(2)(d)).

In this case, Iddings never filed a motion in arrest of judgment, and the district court never ruled on such a motion. However, notwithstanding Iddings's failure to file a motion in arrest of judgment, his claim that the guilty plea proceeding was defective may survive by an exception to the rule. An exception to the requirement of filing a motion in arrest of judgment to challenge a guilty plea on appeal exists if the district court failed to satisfactorily inform the defendant of the requirements of filing a motion in arrest of judgment under rule 2.24(3)(b). *See State v. Loye*, 670 N.W.2d 141, 149-50 (Iowa 2003). In *Loye*, the court stated, "we employ a substantial compliance standard in determining whether a trial court has discharged its duty under rule 2.8(2)(d), at a minimum the court must ensure the defendant understands the necessity of filing a motion to challenge a guilty plea and the consequences of a failure to do so." *Id.* at 150.

Here, Iddings contends that because the court improperly advised him of the time period in which to file a motion in arrest of judgment his claim falls within the exception. Pursuant to Iowa Rule of Criminal Procedure 2.24(3)(b), a motion in arrest of judgment must be filed "not later than 45 days after plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction may be rendered, but in any case not later than five days before the date set for pronouncing judgment." Iddings asserts the district court erred by characterizing his action of requesting immediate sentencing as waiving his right to file a motion

in arrest of judgment because he was requesting a deferred judgment, which would mean that no judgment would be imposed at that time.

At the guilty plea hearing, Iddings clearly waived his right to have sentencing set at a later date and agreed to proceed to immediate sentencing. Because Iddings requested immediate sentencing, the day he pled guilty became "*the date set* for pronouncing judgment." Iowa R. Crim. P. 2.24(3)(b) (emphasis added). "At the time fixed by the court for pronouncement of judgment and sentence," the court can impose any sentencing option authorized by law including a deferred judgment. Iowa Code § 901.5. A deferred judgment "is one of the 'sentencing' options under Iowa Code section 901.5 that can be imposed 'in the discretion of the court.'" *State v. Soppe*, 374 N.W.2d 649, 653 (Iowa 1985) (quoting Iowa Code § 901.5).

Rule 2.24(3)(b) does not require judgment actually be entered in order for the time limitation on motions in arrest of judgment to expire. Rather, it limits the time to file a motion in arrest of judgment to the date the court sets for when judgment may be pronounced, i.e., the time of sentencing. *See State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008) ("[W]e find if the date of sentencing is set for more than fifty days after the plea, the maximum time a defendant has to file the motion in arrest of judgment is forty-five days from the plea. On the other hand, if the court sets the date for sentencing less than fifty days after the plea, the maximum time a defendant has to file the motion is no later than five days before the sentencing."). There is no exception or extension granted in the event the defendant is granted a deferred judgment. Rule 2.24(3)(b) is properly construed to limit the filing of a motion in arrest of judgment to forty-five days after the entry

of the plea but no later than five days before *the time set* for pronouncement of judgment, notwithstanding which sentencing option is imposed under Iowa Code section 901.5.

We conclude the district court correctly advised Iddings that by agreeing to immediate sentencing he waived his right to file a motion in arrest of judgment.[5] Because Iddings was properly informed about the necessity of filing a motion in arrest of judgment and waived the right by proceeding to immediate sentencing, he has waived objections to the plea proceeding and has failed to preserve error on his challenge to the court's failure to advise him of the surcharges. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009) ("It is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea."). However, Iddings alternatively raises his claim through the lens of ineffective assistance of counsel, and such claims are an exception to the traditional error-preservation rules. *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010).

**II. Ineffective Assistance of Counsel—Surcharges.**

Notwithstanding the failure to file a timely motion in arrest of judgment, "[a] defendant can . . . challenge the validity of his guilty plea by proving the advice he received from counsel in connection with the plea was not within the range of

---

[5] He also denied any cause to arrest judgment at the time of the sentencing hearing. The court is required to ask the defendant at the time of sentencing if "the defendant has any legal cause to show why judgment should not be pronounced against the defendant." Iowa R. Crim. P. 2.23(3)(a). What cause may be shown is explained in rule 2.23(3)(b): "The defendant may show for cause against the entry of judgment any sufficient ground for a new trial *or in arrest of judgment.*" (Emphasis added.) During Iddings's sentencing hearing and before imposing or granting a deferred judgment, the district court asked, "Does the defendant, the defendant's attorney, or county attorney know of any reason why the court should not now pronounce sentence?" All agreed there was no reason.

competence demanded of attorneys in criminal cases," i.e., by proving that plea counsel was ineffective. *Carroll*, 767 N.W.2d at 642. To establish his claim of ineffective assistance of counsel, the defendant must demonstrate (1) his plea counsel failed to perform an essential duty and (2) this failure resulted in prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). "[T]he defendant claiming ineffective assistance of counsel with respect to a guilty plea must prove that, but for counsel's breach, there is a reasonable probability he or she would have insisted on going to trial." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). "[C]laims of ineffective assistance of counsel should normally be raised through an application for postconviction relief" because the record is often insufficient to determine the prejudice prong. *Straw*, 709 N.W.2d at 138. But where the record is adequate, we will address the claims on direct appeal. *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).

Iddings claims his guilty plea to possession of contraband while confined was not voluntarily and intelligently entered because he was not informed of the applicable surcharges. In *Fisher*, our supreme court concluded a surcharge is punitive and, thus, a defendant must be informed of the mandatory minimum and maximum possible fines, including surcharges. 877 N.W.2d at 685-86. However, the *Fisher* decision left open the issue of whether omitting information about the applicable surcharges alone can render a guilty plea unintelligent and involuntary. *See id.* at 686 n.6 (acknowledging a difference between actual and substantial compliance when it comes to informing the defendant regarding the applicable surcharges).

The guilty plea colloquy with the court pertaining to the possession-of-contraband-while-confined charge included this advisory regarding the potential fine:

> THE COURT: Do you understand that the maximum and minimum penalties for this charge are a minimum fine of $750.00, a maximum fine of $7500.00 and a maximum of five years in prison?
> THE DEFENDANT: Yes, I understand.

The colloquy made no mention of surcharges. The plea agreement the parties reached, and that the court advised it would accept, required Iddings to pay a civil penalty in the amount of the minimum fine of $750.00. After his deferred judgment was revoked, in the written judgment order, Iddings's civil penalty was converted to a fine in the same amount, and Iddings was assessed the applicable surcharges and court costs, less any civil penalty previously paid. The surcharges applicable to his offense include the thirty-five-percent surcharge under section 911.1, and the law enforcement initiative surcharge of $125.00 under section 911.3. Thus, the fine Iddings was assessed was $750.00 plus $387.50 in surcharges, which makes the actual minimum fine $1137.50.[6] In addition, when pleading guilty, the maximum fine Iddings could have been required to pay was $7500.00 plus surcharges in the amount of $2750.00, making the actual maximum fine $10,250.00.[7] There was no mention during the guilty plea colloquy that any surcharge could impact the amount of the fine Iddings could be responsible to pay.

The supreme court in *Fisher* acknowledged that there is a difference between "actual compliance" and "substantial compliance" when it comes to

---

[6] $750 + $750(.35) + $125 = $1137.50
[7] $7500 + $7500(.35) + $125 = $10,250

informing a defendant of the "mandatory minimum punishment" and the "maximum possible punishment" under rule 2.8(2)(b)(2). 877 N.W.2d at 686 n.6 (noting "*actual compliance* with rule 2.8(2)(b)(2) requires disclosure of all applicable chapter 911 surcharges" but not deciding "whether failure to disclose the surcharges *alone* would have meant the plea did not *substantially comply* with rule 2.8(2)(b)(2)"). The substantial compliance standard provides "a trial court is not required to advise a defendant of his rights using the precise language of the rule; it is sufficient that the defendant be informed of his rights in such a way that he is made aware of them." *State v. Myers*, 653 N.W.2d 574, 578 (Iowa 2002). It requires "the essence of each requirement of the rule be expressed." *Meron*, 675 N.W.2d at 544. While Iddings was correctly informed of the minimum and maximum fine by the plea court, the surcharges were omitted. We acknowledge the argument that this resulted in Iddings being misinformed as to the potential total amount due upon his plea of guilty.

After *Fisher*, we have addressed the omission of surcharges in guilty plea colloquies in various contexts. In that regard, we have concluded any failure to recite the proper surcharge(s) is reversible error on direct appeal if the defendant was not precluded from raising the issue on error-preservation grounds. *State v. Diallo*, No 16-0279, 2017 WL 1735628, at *3 (Iowa Ct. App. May 3, 2017); *State v. Weitzel*, No. 16-1112, 2017 WL 1735743, at *10 (Iowa Ct. App. May 3, 2017). We have also concluded that in appeals claiming ineffective assistance of counsel, the omission or improper recitation of surcharges shall generally be preserved for postconviction relief. *State v. Delacy*, No. 16-0827, 2017 WL 1735684, at *4 (Iowa Ct. App. May 3, 2017). Although we preserved Delacy's

claims for postconviction relief, we noted, "it is tempting in this case to conclude there is no reasonable probability Delacy would have insisted on going to trial in light of the substantial reduction in the amount of prison time and fines the plea agreement offered compared to the charges the State filed." *Id.*

Here, Iddings was not informed of any surcharges and the lack of any reference to surcharges does not satisfy actual or substantial compliance. Notwithstanding, even if we accept that counsel failed to perform an essential duty when counsel did not file a motion in arrest of judgment to challenge the guilty plea on this ground, we find the record is inadequate to determine the *Strickland* prejudice prong. Again, while the knowledge that Iddings received a deferred judgment on a felony offense makes it tempting to conclude that there is no reasonable probability Iddings would have insisted on going to trial if he had been informed of the applicable surcharges, "ultimately, circumstances underlying the prosecution's motivation for the plea offer and the defendant's willingness to go to trial are facts that should be permitted to be more fully developed." *Id.* Iddings should be given the opportunity to develop a record in a postconviction-relief proceeding to support his ineffective-assistance claim.

We therefore affirm his conviction and preserve his ineffective-assistance claim for postconviction-relief proceedings.

**AFFIRMED.**

All judges concur, except Danilson, C.J., who partially dissents.

**DANILSON, Chief Judge.** (concurring in part and dissenting in part)

I concur on the issue recited in section "I. Error Preservation—Motion in Arrest of Judgment." However, I respectfully dissent on the second issue and would affirm the conviction without preserving the issue for postconviction relief.

Our case law reflects long-existing, differing, judicial opinions with respect to the level of accuracy required in a guilty-plea colloquy. *See State v. Fluhr*, 287 N.W.2d 857, 862-65 (Iowa 1980), *overruled on other grounds by State v Kirchoff*, 452 N.W.2d 801, 804-805 (Iowa 1990). It is often stated a defendant is not entitled to a perfect trial, only a fair trial. *State v. Webster*, 865 N.W.2d 223, 233 (Iowa 2015). Similarly, substantial compliance with Iowa Rule of Criminal Procedure 2.8(2)(b) is the standard for guilty-plea colloquies. *State v. Meron*, 675 N.W.2d 537, 542 (Iowa 2004). Here, Iddings was not informed of any surcharges and the lack of any reference to surcharges likely would not satisfy the substantial-compliance standard.[8]

---

[8] But what constitutes substantial compliance when there is a minor omission or a myriad of varied minor omissions or misstatements—all unique to each case on appeal—may be subject to much debate and an issue upon which reasonable jurists can disagree. *See State v. Kress*, 636 N.W.2d 12, 21-22 (Iowa 2001) (noting the guilty-plea court misinformed the defendant that it could waive the one-third mandatory minimum sentence which "was tantamount to a failure to advise her of the maximum possible punishment"); *State v. White*, 587 N.W.2d 240, 246 (Iowa 1998) (concluding the failure to inform a defendant of the possibility of consecutive sentences leaves the defendant "partially informed, but uninformed of the true maximum possible punishment" and results in the plea being "uninformed and unenlightened"); *but see Stovall v. State*, 340 N.W.2d 265, 267 (Iowa 1983) ("If the court does make a misstatement, if the misstatement is material in the sense that it is part of the inducement for the defendant's decision to plead guilty, if the defendant's attorney does not correct the misstatement, and if the defendant enters a guilty plea accordingly, the plea is not intelligently and voluntarily made, and the defendant is entitled to have his plea set aside and to plead anew."); *State v. West*, 326 N.W.2d 316, 317 (Iowa 1982) ("[T]he voluntary and intelligent nature of the plea would be affected by any misstatement of the court placing in defendant's mind 'the flickering hope of a disposition on sentencing that was not possible.'" (citation omitted)).

Notwithstanding, as the majority correctly notes, we have been tempted in the past to conclude there was no prejudice where a defendant was not informed of the surcharges because there appears to be no reasonable probability of the defendant insisting on going to trial where the defendant was given the benefits of a favorable plea agreement, with a substantial reduction in the amount of prison time, but chose to preserve the issue for postconviction relief. *See State v. Delacy*, No. 16-0827, 2017 WL 1735684, *at 4-5 (Iowa Ct. App. May 3, 2017). But we have strayed from preserving the issue in appeals claiming ineffective assistance of counsel where the defendant was not obligated to pay a surcharge by the sentencing order, such as when the surcharges have been suspended. Without attempting to develop a bright-line rule, in cases where the fine and corresponding surcharges have been suspended, we have viewed the facts objectively and concluded the defendant was unable to show prejudice. *See State v. Hoxsey*, No. 16-1043, 2017 WL 510983, at *2 (Iowa Ct. App. Feb. 8, 2017) (concluding no prejudice on counsel's failure to inform the defendant of the actual amount of the surcharge); *State v. Thompson*, No. 15-1718, 2016 WL 7403732, at *1-2 (Iowa Ct. App. Dec. 21, 2016) (finding no prejudice); *State v. Trustin*, No. 16-0631, 2016 WL 6902873, at *1 (Iowa Ct. App. Nov. 23, 2016) (finding no prejudice); *State v. Terrell*, No. 16-0181, 2016 WL 6637544, at *2 (Iowa Ct. App. Nov. 9, 2016) (finding no prejudice).

The majority determines the issue of whether Iddings should be permitted to withdraw his guilty plea or the plea be vacated be preserved for postconviction relief. I disagree. Although such claims are often best resolved by postconviction-relief proceedings, our supreme court has long stated:

> Yet, in some instances, the appellate record can be adequate to address the claim on direct appeal. *Berryhill v. State*, 603 N.W.2d 243, 246 (Iowa 1999). When the record is adequate, the appellate court should decide the claim on direct appeal. *See State v. Rubino*, 602 N.W.2d 558, 563 (Iowa 1999). Preserving ineffective assistance of counsel claims that can be resolved on direct appeal wastes time and resources.

*State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004).

Here, I would find the record is adequate to determine the *Strickland v. Washington*, 466 U.S. 668 (1984), prejudice prong and conclude Iddings has not shown—and cannot show—prejudice.

As noted by the majority, to establish prejudice Iddings must show that absent counsel's errors, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. *See State v. Straw*, 709 N.W.2d 128, 137-38 (Iowa 2006). In *Hill v. Lockhart*, the United States Supreme Court stated in reference to the prejudice prong, "This additional 'prejudice' requirement was based on our conclusion that '[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" 474 U.S. 52, 57 (1985) (quoting *Strickland*, 466 U.S. at 691).

Here, Iddings received a deferred judgment on a felony offense. After defense counsel negotiated a joint recommendation for a deferred judgment it is reasonable to conclude the surcharges were no longer a material consideration. But if not then, when the court informed the parties and Iddings that the court would follow the joint recommendation, or rule 2.10 plea agreement, the surcharges were of no material consideration. Moreover, after being informed the court would follow the joint recommendation for a deferred judgment, Iddings

confirmed—on four separate occasions during the colloquy—he still wanted to enter a guilty plea.

Although the law-enforcement-initiative surcharge should have been imposed at the time of the entry of the deferred judgment, it was not imposed until his probation was revoked. *See* Iowa Code § 911.3(1) (2014). Thus, Iddings left the sentencing hearing with a deferred judgment and no surcharges to pay. Accordingly, any error by defense counsel had no effect on the judgment or the result. The omission of the surcharges can be described as minor, harmless, trivial, insubstantial, immaterial, or an indirect consequence of the plea because they were not imposed until the deferred judgment was revoked. But however the omission is described, it cannot be described as prejudicial and should not impair this conviction.

I am convinced Iddings could not testify at a postconviction-relief action with any level of credibility that he would have foregone a deferred judgment for a felony offense and proceeded to trial because of a $125 law-enforcement-initiative surcharge and a thirty-five-percent surcharge of any fine imposed. No reasonable person would.[9]

---

[9] A similarly-situated defendant who was not advised of all of the consequences of his plea testified at his postconviction-relief proceedings in *Lowe v. State*, No. 08-1551, 2009 WL 1677240, *1-2 (Iowa Ct. App. June 17, 2009). In commenting on the defendant's testimony, the district court observed:

> At the time of the plea and sentencing, it appears Petitioner intended to reap the benefits of having the deferred judgment offered to him. Only now, when the deferred judgment has been withdrawn, has Petitioner chosen to argue that his plea was not entered knowingly and voluntarily. Petitioner himself made this point clear in his testimony at the postconviction trial when he stated that it was correct that—if he had not lost his deferred judgment—he probably would not be in court on the postconviction matter.

This case presents facts at the opposite end of the spectrum of the facts in *Straw*, 709 N.W.2d at 131. In *Straw*, the defendant was not informed his prison sentences could be run consecutively, and the issue was whether the pleas were voluntarily and knowingly entered. *Id.* at 134-35. Ultimately the issue was preserved for postconviction relief. *Id.* at 138. The dissent contended the failure to be informed of the maximum period of incarceration should constitute per se prejudice. *Id.* at 145 (Lavorato, J., dissenting). But the majority declined a per se rule and expressed concern about conclusory claims of prejudice in stating, "[I]f we adopted a per se rule, some defendants would grin like a Cheshire cat as we gave them a second bite at the apple—even though they committed the crime and actually knew the maximum . . . punishment for the crime." *Id.* at 137. Even the dissent acknowledged the existence of a plea agreement may provide an incentive for a defendant to plead guilty in contrast to a defendant who has nothing to lose by pleading guilty. *Id.* at 144 (Lavorato, J., dissenting). Moreover, the dissent expressed concerns about the waste of judicial resources by preserving cases for postconviction relief. *Id.* at 145. Unlike the defendant in *Straw*, Iddings had the benefit of a favorable plea agreement and the omission had nothing to do with the maximum period of incarceration. And until his probation was revoked, no surcharges were imposed. The Cheshire cat would be grinning ear to ear if Iddings was afforded a second chance under these facts.

It is also significant that Iddings has failed to even assert there is a reasonable probability that but for counsel's error, he would not have pled guilty

---

*Id.* at *3. I am certain the same unconvincing testimony will occur in Iddings' postconviction-relief proceedings.

and would have insisted on going to trial. His assertion that the court failed to comply with rule 2.8(2)(c) cannot be claimed in a vacuum. *State v. Myers*, 653 N.W.2d 574, 579 (Iowa 2002).

Finally, it should be noted that prior to Iddings' probation and deferred judgment revocation proceedings, he stipulated to the violations in writing and signed a proposed sentencing order that was subsequently approved and signed by the district court. Both the thirty-five-percent surcharge and the law-enforcement-initiative surcharge were set forth in the proposed sentencing order. Upon inquiry by the court if Iddings was asking the court to go along with the sentencing agreement, Iddings responded, "Yes, your Honor."

The complexities of a guilty-plea colloquy with all the mandatory minimum sentences, surcharges, and other direct consequences has dramatically increased since July 1, 1982, when we were first obligated to impose a ten-percent surcharge on fines. 1982 Iowa Acts ch. 1258, §1 (now codified at Iowa Code § 911.1). Perhaps sometime in the future with the advances of technology, a written statement of all direct consequences for each crime will be able to be printed via a computer program, to which a defendant may read and then acknowledge during a felony guilty-plea colloquy in open court to reduce or eliminate human error. Until then, we should be cautious in granting second chances for human errors that have either negligible or no bearing on the decision to enter a guilty plea.

I would not preserve the issue of whether Iddings entered his plea voluntarily and knowingly for postconviction relief as I conclude Iddings cannot prove prejudice where no surcharge was imposed upon him after the sentencing

option of a deferred judgment was granted to him.  Further, he was informed of the surcharges before his deferred judgment was revoked and consented to their entry.  He has also not claimed he would not have entered the felony guilty plea had he known of the surcharges.  A postconviction-relief action will be a waste of our limited judicial resources.

I would affirm without reserving any issue for postconviction-relief proceedings.