Fuld, J.
Whether or not a commitment to a state institution for mental defectives, in accordance with section 438 of the Correction Law, constitutes a judgment under the Code of Criminal Procedure is the primary question presented by this appeal.
In February of 1935, shortly after entry of a plea of guilty to the crime of grand larceny and following a proceeding *65 instituted pursuant to article 17 of the Correction Law (§ 430 et seq.), the relator was certified as a ‘‘ mental defective ’’ and committed to Napanoch. It does not appear from the record that he was present in court at the time of his commitment and, indeed, the Wyoming County Court, in dismissing the writ, assumed the contrary. Be that as it may, the relator remained at Napanoch for some time and. then was sent to Woodhourne, another institution for mental defectives. In 1940, about two years after his discharge from Woodbourne, he was convicted in the Chenango County Court upon a charge of burglary and sentenced as a second offender. In his present habeas corpus proceeding, instituted while he was confined in Attica State Prison, he attacks his Napanoch commitment upon two grounds: (1) that it did not constitute a prior conviction for purposes of second felony offender treatment and (2) that it was defective because he was not present at the time of such commitment, as required by section 473 of the Code of Criminal Procedure, and because there was no compliance with the other code provisions which deal with proceedings upon judgment and sentence.
The first point need not detain us. A commitment to Napanoch, it has long been settled, is a conviction within the meaning of section 1941 of the Penal Law. Since only persons “ convicted of a criminal offense” (Correction Law, § 438) may be sent there, a commitment to that institution is for all purposes a final sentence of incarceration in a penal institution. And the judicial determination of guilt and punishment which such commitment denotes is not excepted from the coverage of the word “ conviction” employed in section 1941. (See People ex rel. Mucciolo v. Snyder, 295 N. Y. 866.) That being so, the relator’s commitment to Napanoch in 1935, following his plea to the felony of grand laceny, formed a proper predicate for his second offender sentence in 1940.
Once it is recognized that a commitment to Napanoch is a '‘ conviction ’ ’, it follows, contrary to the People’s contention, that it is a “ judgment ” within the sense of the sections with which we are concerned. Thus, we have held that a judgment “ embraces the adjudication of guilt of the crime charged and the penalty imposed or sentence.” (People v. Sullivan, 3 N Y 2d 196, 198.) And that is precisely what a Napanoch com *66 mitment encompasses. This being so, the Nap ano eh commitment is necessarily governed, as is any other judgment, by the statutory provisions which pertain to proceedings following- a verdict or plea of guilt. It requires observance of the same safeguards for the mental defective as imprisonment does for the normal defendant. And, certainly, no one can doubt that a mentally deficient defendant needs every bit as much protection upon proceedings relating to judgment as is accorded to the latter.
The court’s failure to comply with any one of the several code provisions relating to the judgment and its pronouncement (Code Crim. Pro., §§ 471-473, 480, 481) would, as the relator urges, entitle him to remand for resentencing. We have held a defendant entitled to resentence where the court failed to accord him a two-day delay prior to pronouncing judgment pursuant to the requirements of section 472 (cf. People ex rel. La Shombe v. Jackson, 7 N Y 2d 345) or to ask him, as mandated by section 480," why judgment should not be pronounced against him.” (See People ex rel. Emanuel v. McMann, 7 N Y 2d 342; People ex rel. Miller v. Martin, 1 N Y 2d 406 ; see, also, People v. Sullivan, 3 N Y 2d 196, 198, supra.) And, where the court, contrary to the requirement of section 473, resentenced a defendant, in the absence of both himself and his attorney, it was necessary to vacate the resentence and remit the case to the trial court “for resentencing” or “other [appropriate] proceedings (People v. Saperstein, 1 A D 2d 949; 1 A D 2d 402, affd. 2 N Y 2d 210, cert, denied 353 U. S. 946.)
The relator is not, however, entitled — at any rate, at this point—to a complete vacatur of his first conviction. Only after he has been remanded for resentencing will he be in a position to demonstrate, if he can, that judgment should not have been pronounced against him and that the conviction should be set aside. However, until and unless that conviction is vacated, the relator’s second felony offender sentence stands. (See People ex rel. La Shombe v. Jackson, 7 N Y 2d 345, supra; People ex rel. Emanuel v. McMann, 7 N Y 2d 342, supra.) “Although,” this court wrote in the Emanuel case (7 N Y 2d 342, 345, supra), “ upon a proper application directed to the first sentence, relator would be entitled to a remand for resentencing at which time he may be able to establish one of the grounds set forth in section *67 481 of the Code of Criminal Procedure requiring the court to set aside the conviction, nevertheless, until the prior conviction is vacated, this prior adjudication may properly he considered under section 1941 of the Penal Law in sentencing relator as a second offender”. (Italics in original.)
The order appeal from should be reversed and the matter remitted to the Wyoming County Court for further proceedings not inconsistent with this opinion.
Chief Judge Desmond and Judges Dye, Froessel, Van Voorhis, Burke and Foster concur.
Order reversed, etc.