STATE of Iowa, Appellee,

v.

James HALSNE, Jr., Appellant.

No. 56654.

Supreme Court of Iowa.

June 26, 1974.

James M. Stanton, Clear Lake, for appellant.

Richard C. Turner, Atty. Gen., Stephen T. Moore, Asst. Atty. Gen., and C. L. Wornson, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, REES, REYNOLDSON and McCORMICK, JJ.

REYNOLDSON, Justice.

This defendant was charged by two county attorney informations with uttering false checks. Following his pleas of guilty, he was sentenced on June 26, 1973 to terms not to exceed seven years on each charge (to run concurrently) and placed on probation for two years.

July 24, 1973 the county attorney filed application to terminate the probation because defendant had written two more bad checks. At a hearing on July 26, 1973 the probation was revoked and defendant ordered to serve the previously imposed sentences.

Defendant through counsel served notice of appeal in each case "from the final judgment of said District Court * * * on the 26th day of June, 1973, whereby said Defendant was found guilty * * * and also from any and all adverse orders, rulings and decisions of said Court at any time prior thereto * * *."

Defendant's brief raises issues relating only to the procedure surrounding the termination of his probation on July 26, 1973. See Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); State v. Hughes, 200 N.W.2d 559 (Iowa 1972) (where notice of appeal was filed before enactment of chapter 663A, The Code).

Chapter 663A, The Code (Postconviction Procedure) relevantly provides:

"*663A.2 Situations where law applicable.* Any person who has been convicted of, or sentenced for, a public offense and who claims that:

\*     \*     \*     \*     \*     \*

5. His * * * probation, parole, or conditional release has been unlawfully revoked * * *.

* * * may institute, without paying a filing fee, a proceeding under this chapter *to secure relief.*"

■■ Defendant does not challenge the legality of his conviction. Neither parole nor probation revocation is a stage of a criminal prosecution. *Gagnon,* supra, 411 U.S. at 781–784, 93 S.Ct. at 1759–1760, 36 L.Ed.2d at 661–662; *Morrissey,* supra, 408 U.S. at 480, 92 S.Ct. at 2600, 33 L.Ed.2d at 494. The notice of appeal in this case (from the conviction) does not permit us to reach defendant's complaints relative to his probation termination, nor to consider such issues in certiorari under the provisions of rule 352, Rules of Civil Procedure.

It follows in this instance defendant's remedy, if any, is available through the chapter 663A procedure and not through direct appeal from his conviction.

This appeal is therefore dismissed.

Appeal dismissed.