STATE of Iowa, Appellee,

v.

Dennis Kirk RHEUPORT, Appellant.

No. 57385.

Supreme Court of Iowa.

Jan. 22, 1975.

Phillip F. Miller, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Nancy J. Shimanek, Asst. Atty. Gen., Ray A. Fenton, County Atty., and William Price, Asst. County Atty., for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

Dennis Kirk Rheuport (defendant) was indicted for larceny of a motor vehicle in violation of § 321.82, The Code. On November 7, 1973 he entered a plea of guilty to the charge and was sentenced for a term of not to exceed ten years. The sentence thus imposed was suspended and defendant was placed on probation for a two year period, pursuant to Acts of the 65th G.A., 1973 Regular Session, ch. 295, § 1(2).

On March 31, 1974 defendant was arrested in connection with a subsequent incident and again charged with larceny of a motor vehicle. Defendant's probation officer thereafter filed a report with the trial court. A hearing was held to determine whether defendant had violated his probation conditions so as to call for revocation of his probation.

Defendant resisted the revocation and, prior to hearing, applied for a psychiatric examination and evaluation. The application for psychiatric evaluation was denied and defendant's probation was revoked. He then undertook this direct appeal.

I. We considered a direct appeal from a probation revocation in State v. Hughes, 200 N.W.2d 559 (Iowa 1972). We thereafter declined to reach the merits of a claim a probation had been improperly revoked in State v. Halsne, 219 N.W.2d 657 (Iowa 1974). In *Halsne* we held the notice of appeal was insufficient to reach the merits of the claim probation was improperly revoked.

In this appeal defendant's notice of appeal challenges revocation of his probation.

We must therefore decide whether a direct appeal is allowable from revocation of probation, parole or conditional release. We believe and hold the postconviction procedure authorized for such cases by section 663A.2(5), The Code, is exclusive.

Section 663A.2 provides in part:

" *   *   *

"This remedy is not a substitute for nor does it affect any remedy, incident to the proceedings in the trial court, or of direct review of the sentence or conviction. Except as otherwise provided in this chapter, it comprehends and takes the place of all other common law, statutory, or other remedies formerly available for challenging the validity of the conviction or sentence. It shall be used exclusively in place of them."

Although the question is not free from doubt we believe the legislature intended this language to require persons asserting a claim of unlawful revocation to take advantage of the postconviction procedure. The first sentence of the quoted language exempted only those remedies incident to proceedings in trial court and direct reviews of sentence or conviction. Direct reviews of revocation of parole or probation of sentence were not preserved. Since they were not preserved postconviction becomes exclusive.

Such an interpretation better assures a more orderly and complete consideration of the claim by the trial court. It also provides for a more adequate record for our review.

We hold chapter 663A provides the exclusive remedy for challenging revocation of probation.

Appeal dismissed.