STATE of Iowa, Appellee,

v.

Kenneth FARMER, Appellant.

No. 57983.

Supreme Court of Iowa.

Oct. 15, 1975.

Richard O. McConville, Creston, for appellant.

Richard C. Turner, Atty. Gen., Earl Roberts, Asst. Atty. Gen., and Robert A. Rolfe, County Atty., for appellee.

Heard by MOORE, C. J., and REES, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

McCORMICK, Justice.

This appeal presents jurisdictional and procedural questions under our deferred sentencing statute, § 789A.1, The Code. Defendant was placed on probation under the statute on May 3, 1974, after his plea of guilty to a charge of false uttering of a check for $20 in violation of § 713.3, The Code. On December 13, 1974, after hearing, his probation was revoked, and he was given an indeterminate seven-year prison sentence. Defendant contends the trial court erred in failing to require written notice of the revocation hearing, in revoking his probation upon inadequate proof, and in failing to adjudicate his guilt before pronouncing sentence. The State contends

defendant's exclusive remedy for challenging revocation of his probation is a postconviction proceeding. We find we have jurisdiction of the issues raised by defendant, but his contentions are without merit. We affirm the trial court.

I. The State asserts this court lacks jurisdiction to entertain defendant's challenge to revocation of his probation. Determination of this question requires analysis of the relationship of the order revoking defendant's probation to the final judgment from which appeal was taken.

■ Several well established principles are applicable. Entry of sentence constitutes final judgment in a criminal case. *State v. Coughlin*, 200 N.W.2d 525, 526 (Iowa 1972). A prosecution is not complete until final judgment is entered. *State v. Wiese*, 201 N.W.2d 734, 737 (Iowa 1972). Interlocutory appeal is not allowed in criminal cases; appeal lies only from final judgment. § 793.2, The Code, *State v. Hocker*, 178 N.W.2d 317 (Iowa 1970). Interlocutory rulings of the court affecting the outcome of the case are reviewable upon appeal from final judgment when error has been properly preserved. § 793.18, The Code; see, e. g., *State v. Winfrey*, 221 N.W.2d 269, 272 (Iowa 1974).

An order revoking a defendant's probation when judgment has been deferred is an interlocutory ruling. It materially affects the outcome of the case. Since the ruling is made during the prosecution of the case, it inheres in the subsequent final judgment. Therefore, it is reviewable upon appeal from that judgment.

In contending otherwise the State relies upon *State v. Halsne*, 219 N.W.2d 657 (Iowa 1974), and *State v. Rheuport*, 225 N.W.2d 122 (Iowa 1975). This reliance is misplaced. Those cases involved proceedings in which probation was granted after, rather than before, imposition of sentence. In each case probation was later revoked, and revocation was challenged on direct appeal. In *Halsne* the appeal was taken from the final

judgment containing the sentence. We held the revocation of probation could not be attacked on appeal from that judgment because the revocation did not occur during a prosecutorial stage of the case. The prosecution had been terminated by entry of final judgment, and the probation revocation occurred subsequently. In *Rheuport* the defendant attempted to appeal directly from the revocation order. We held the legislature intended to make postconviction proceedings under Code chapter 663A the exclusive remedy for challenging postconviction orders. Direct appeal was deemed to be available only from the final judgment terminating the prosecution.

The revocation order in this case was entered before entry of final judgment. Revocation occurred during a prosecutorial stage of the case. Since the revocation order in a deferred sentence proceeding inheres in the subsequent judgment, defendant may attack the revocation order in this case in his appeal from final judgment.

We have jurisdiction in this appeal to review defendant's challenge to revocation of his probation.

■ II. Defendant contends he was denied due process of law because he was not given written notice of that proceeding. See *Morrissey v. Brewer*, 408 U.S. 471, 488–89, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484, 498–499 (1972). This contention was not urged in the trial court and cannot be raised for the first time here. *State v. Greene*, 226 N.W.2d 829, 832 (Iowa 1975).

■ III. Defendant also contends his probation was revoked upon inadequate proof. We disagree.

Defendant's probation was revoked upon four separate grounds. He attacks the sufficiency of evidence on only one of them. Even if he were right about that ground, the other three grounds, two of which were admitted by him, adequately support the revocation order.

But we do not agree the evidence was insufficient on the fourth ground. It involved a claim by defendant's probation officer that defendant had written a number of false checks in Page County. Over defense counsel's objection based on the hearsay rule, a list of the alleged false checks obtained by the probation officer from the Page County sheriff was received in evidence. Separately, the officer testified without objection that defendant was convicted and sentenced on one of the charges. He also testified without objection that defendant proposed to make restitution to avoid prosecution on the other charges. When defendant testified, he admitted writing the checks.

■ The list of alleged false checks did constitute hearsay, and it would have been an abuse of discretion for the trial court to revoke defendant's probation on that ground alone without competent other evidence to establish it. *State v. Hughes*, 200 N.W.2d 559, 563 (Iowa 1972). Apart from the fact defendant's probation was also revoked on three independent grounds, the uncontroverted evidence regarding defendant's conviction on one of the false check charges and his admissions are competent proof that he wrote false checks as alleged and as found.

The trial court did not abuse its discretion in revoking defendant's probation.

IV. ˙Defendant's final contention is that his sentence is invalid because the trial court failed to adjudicate his guilt of the original charge after revoking his probation and before pronouncing sentence.

Upon a plea of guilty, verdict of guilty, or a special verdict upon which a judgment of conviction may be entered, a trial court may, with certain statutory exceptions, defer judgment in a criminal case. Regarding such procedure, § 789A.1, The Code, provides in relevant part:

"1. With the consent of the defendant, the court may defer judgment and place the defendant on probation upon such terms and conditions as it may require. Upon fulfillment of the terms of

probation the defendant shall be discharged without entry of judgment. Upon violation of the terms, the court may enter an adjudication of guilt and proceed as otherwise provided."

If the defendant satisfies his probation, he is discharged from it and is no longer held to answer for the offense. Upon such discharge the court's criminal record in the proceeding must be expunged. The only judicial record relating to the proceeding which is retained is the record maintained by the supreme court administrator. § 789A.6, The Code.

The manifest purpose of the deferred sentence procedure is to permit a defendant to avoid otherwise inevitable conviction and a judicial record of the criminal charge by satisfactorily meeting terms of probation voluntarily undertaken before his guilt has been adjudicated. See *State v. Wright*, 202 N.W.2d 72 (Iowa 1972). An adjudication of guilt is a judicial declaration of the defendant's legal guilt of the offense charged. *State v. Stricker*, 196 Iowa 290, 194 N.W. 60 (1923). The adjudication of guilt and imposition of sentence are the elements of judgment in a criminal case. *People v. Martin*, 8 N.Y.2d 63, 201 N.Y.S.2d 753, 168 N.E.2d 94 (1960). Thus, when judgment is deferred under § 789A.1, The Code, the adjudication of guilt is deferred as well as the sentence. § 789.2, The Code.

If the defendant is discharged from probation under § 789A.6, no conviction occurs in the strict legal sense because no adjudication of guilt is made. See *State v. Hanna*, 179 N.W.2d 503, 507–508 (Iowa 1970). However, when probation is violated, "the court may enter an adjudication of guilt and proceed as otherwise provided." § 789A.1, The Code.

Thus, we agree with defendant that the statute contemplates an adjudication of guilt after revocation of probation and before pronouncement of sentence. We do not agree with him that a failure to adjudicate guilt in express terms is fatal to the judgment. This court has long held that if, from the whole record, it is apparent the trial court did find the defendant guilty in accordance with his plea, or upon a trial verdict, so as to leave no doubt of the court's position, then the defendant's guilt is adjudicated. *State v. Cook*, 92 Iowa 483, 61 N.W. 185 (1894). Even though it is much better practice for the court to adjudicate the defendant's guilt in express terms, a judgment imposing sentence on the charge is sufficient to constitute an adjudication of guilt. *State v. Harper*, 220 Iowa 515, 258 N.W. 886 (1935); *State v. McCoy*, 196 Iowa 278, 194 N.W. 265 (1923); *State v. Rudd*, 97 Iowa 389, 66 N.W. 748 (1896); *State v. Cook*, supra; see Annot., 69 A.L.R. 792.

In the present case defendant's guilt was not expressly adjudicated, but a judgment imposing sentence on the charge was entered. This constitutes a sufficient adjudication of his guilt.

We find no reversible error.

Affirmed.