# IN THE COURT OF APPEALS OF IOWA

No. 18-0951
Filed November 27, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DUSTIN EUGENE PHERIGO,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

    Defendant appeals the district court decision revoking his deferred judgment on charges of third-degree theft. **AFFIRMED.**

    C. Aron Vaughn of Kaplan & Frese, LLP, Marshalltown, for appellant.

    Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

    Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

Nineteen months after receiving a deferred judgment on a third-degree theft charge, Dustin Pherigo appeared at a probation violation hearing and admitted various probation violations. On the heels of Pherigo's admissions, the State filed a second application to revoke probation. When Pherigo failed to appear at the disposition hearing on his previous admissions, Pherigo was arrested on a bench warrant, his deferred judgment was revoked, and a prison sentence was imposed. On appeal, he argues the district court abused its discretion and made procedural errors in sentencing him to an indeterminate term of incarceration not to exceed two years. We disagree with Pherigo's arguments and affirm the district court.

### 1. Facts and Procedural History

Dustin Pherigo pled guilty to a charge of theft in the third degree in January 2016. The following month, the court granted Pherigo a deferred judgment. He was placed under probationary supervision for a period of two years. At a September 2017 hearing following the State's application to revoke Pherigo's probation, Pherigo admitted to violating his probation by using marijuana and methamphetamine and by failing to comply with treatment. The parties agreed to set a dispositional hearing ninety days later to provide Pherigo a second chance to comply with the rules of probationary supervision.

The State filed additional probation violations after the September 2017 hearing, and a warrant issued when Pherigo failed to appear for the December 2017 disposition hearing. While Pherigo was aware a warrant had been issued due to his failure to appear, he did not surrender himself on the warrant. He was taken into custody approximately five months after the issuance of the warrant

when walking to a park with his five-year-old daughter. The disposition hearing was rescheduled to May 2018. At the hearing, Pherigo admitted additional drug-related probation violations and asked the court to revoke his deferred judgment, impose a two-year prison sentence, and suspend all but forty-five days of the sentence. Along with other sanctions, Pherigo proposed GPS monitoring and inpatient treatment. The State recommended that the two-year prison sentence be imposed. The court revoked the deferred judgment, entered the conviction, and imposed a prison sentence for an indeterminate term of incarceration not to exceed two years, with credit for time served. Pherigo appealed.

## 2. Jurisdiction and Standard of Review

Direct appeals from probation revocation proceedings are barred in some circumstances. *See* Iowa Code § 822.2(1)(e) (2015); *State v. Rheuport*, 225 N.W.2d 122, 123 (Iowa 1975). In those situations, postconviction-relief proceedings are the exclusive remedy. Iowa Code § 822.2(2). However, deferred judgments are excepted from the rule as interlocutory rulings "made during the prosecution of the case [that] inhere[ ] in the subsequent final judgment." *State v. Farmer*, 234 N.W.2d 89, 90 (Iowa 1975). Pherigo received a deferred judgment on February 4, 2016, and consequently this court has jurisdiction over Pherigo's direct appeal from the revocation of his probation.

If the sentence challenged is within the statutory limits, we review sentencing at probation revocation proceedings under an abuse of discretion standard. *State v. Headley*, 926 N.W.2d 545, 549 (Iowa 2019); *see also State v. Allen*, 402 N.W.2d 438, 443 (Iowa 1987). A sentencing hearing's procedures are also reviewed under an abuse-of-discretion standard. *State v. Thompson*, 856

N.W.2d 915, 919 (Iowa 2014); *State v. Nosa*, 738 N.W.2d 658, 660 (Iowa Ct. App. 2007). "We will reverse a decision of the district court when . . . there is some defect in the sentencing procedure." *Thompson*, 856 N.W.2d at 918.

### 3. Discussion

Pherigo makes three arguments on appeal. First, he argues the district court abused its discretion in imposing a prison sentence. Second, he argues a remand is warranted on the basis that the court failed to ask him "whether the defendant has any legal cause to show why judgment should not be pronounced against the defendant," under Iowa Rule of Criminal Procedure 2.23(3)(a). Third, he argues that the court failed to enumerate the reasons for the sentence as required by Iowa Rule of Criminal Procedure 2.23(3)(d).

#### a. Discretion in sentencing

Pherigo argues the court abused its discretion by sentencing him to an indeterminate term not to exceed two years. "Where, as here, a defendant does not assert that the imposed sentence is outside the statutory limits, the sentence will be set aside only for an abuse of discretion." *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996); *see also Headley*, 926 N.W.2d at 549. We will find an abuse of discretion when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *Headley*, 926 N.W.2d at 549 (citation omitted).

The district court did not abuse its discretion when it revoked Pherigo's probation and imposed a sentence not to exceed two years. The court was within its discretion to impose a sentence within the statutory range considering Pherigo's

repeated violations of probationary conditions and his failure to appear at a disposition hearing.

Pherigo pled guilty to the crime of theft in the third degree on January 21, 2016. Under Iowa Code sections 714.2(3) and 903.1, a sentence of two years of incarceration could lawfully have been imposed at that time. Instead, the court granted Pherigo a deferred judgment. Even after the State filed an application to revoke his probation, Pherigo continued to violate the conditions of probation after the September 11, 2017 hearing on the revocation application. In its second application for probation revocation, filed in November 2017, the State recounted Pherigo's multiple violations since the September hearing, including drug use and failure to report for probation supervision. Moreover, Pherigo then failed to appear at the December disposition hearing and had to be arrested pursuant to a bench warrant.

Pherigo's appellate brief highlights portions of his testimony from the May 2018 sentencing hearing and argues that the proffered facts constitute significant mitigating circumstances. In support of Pherigo's argument alleging an abuse of discretion, he asserts the district court "erred in its disregard for the context of Pherigo's current circumstances including age, education, housing, employment, his family support structure, and his desire and motivation to comply with substance abuse treatment and stay clean and sober." More specifically, Pherigo underscores (1) his father, ex-wife, and girlfriend can offer emotional support; (2) he held two jobs and made regular rent and utility payments prior to being arrested on the most recent warrant; (3) his strong desire to avoid negative impacts on his daughter provides significant motivation to comply; (4) he had previously

successfully completed outpatient treatment for substance abuse; and (5) while incarcerated he participated in religious services and took advantage of group therapy.

The record reflects Pherigo had made some recent minimal progress by the time of the disposition hearing. Prior to his arrest, he was employed and had been able to rent a room for his residence. However, he continued to use illegal substances, by his own report, up to a week prior to his April 2018 arrest. After his arrest, he attended three NA meetings and completed a substance abuse evaluation. The court was not obligated to find that these recent efforts compensated for multiple prior failures to comply with probation conditions. A court may properly base a probation revocation on violations of probation conditions, such as failure to communicate with probation officers or illegal drug use. *State v. Kirby*, 622 N.W.2d 506, 510–11 (Iowa 2001). Given the repeated probation violations, the district court's revocation of Pherigo's probation was not "clearly untenable or unreasonable" to constitute an abuse. *See Headley*, 926 N.W.2d at 549.

### b. Failure to inquire whether legal cause existed

Pherigo argues the court should have inquired whether legal cause existed to show why judgment should not have been pronounced against him. We find this assertion amounts to an argument concerning Pherigo's right of allocution. The right of allocution is found in Iowa Rule of Criminal Procedure 2.23(3)(a), which provides that "[w]hen the defendant appears for judgment, the defendant must . . . be asked whether the defendant has any legal cause to show why judgment should not be pronounced against the defendant." Additionally, prior to rendition of

judgment, "counsel for the defendant, and the defendant personally, shall be allowed to address the court where either wishes to make a statement in mitigation of punishment." *Id.* R. 2.23(3)(d). However, the court "need not duplicate the language" of the rule; instead "[t]he important thing is whether the defendant is given an opportunity to volunteer any information helpful to the defendant's cause." *State v. Craig*, 562 N.W.2d 633, 635 (Iowa 1997). Furthermore, "as long as the district court provides the defendant with an opportunity to speak regarding his punishment, the court is in compliance with the rule." *Id.* at 635.

The district court complied with the dictates of rule 2.23(3)(a) by providing Pherigo an opportunity to speak in mitigation of his punishment. The court in addressing Mr. Pherigo stated, "Mr. Pherigo, you do get the last word today. If there is something additional that you didn't mention before, that you want to say, this is your chance to speak. Anything, sir, that you would like to say?" Pherigo exercised his allocution right with a statement 233 words in length.

Pherigo was provided the opportunity to exercise his right of allocution and provided a statement of allocution to the court. By affording him that right, the district court properly complied with the Iowa Rule of Criminal Procedure 2.23(a).

### c. Failure to enumerate reasons for sentence

Lastly, Pherigo argues that the court did not enumerate reasons for selecting a sentence, citing *State v. Freeman*, 404 N.W.2d 188, 191 (Iowa Ct. App. 1978), and *State v. Marti*, 290 N.W.2d 570, 589 (Iowa 1980). Iowa Rule of Criminal Procedure 2.23(3)(d) requires that the court state on the record its reason for selecting the particular sentence. This requirement ensures that defendants are "aware of the consequences of their criminal actions" and that appellate courts

have "the opportunity to review the discretion of the sentencing court." *Thompson*, 856 N.W.2d at 919. "The district court can satisfy this requirement by orally stating the reasons on the record or placing the reasons in the written sentencing order." *Id.*

We find Pherigo's argument concerning an absence of enumeration on the record to lack merit. Preliminarily, Pherigo acknowledges the court's following on-the-record statement: "In light of the nature of these violations, the absconsion, and those factors, I think that it is really questionable whether you are in a proper frame of mind to successfully complete probation." We need not decide whether this statement alone as cited by Pherigo is sufficient to satisfy the requirements of rule 2.23(3)(d) because the court further explained its rationale for Pherigo's sentence on the record.

First, the court emphasized several times that Pherigo's absence from supervision was a reason not to grant his request for a suspended sentence and probation. Aside from the above-recited statement, the court also told Pherigo "you, essentially, absconded from supervision" and "no one knew where you were."

Second, the court opined that Pherigo's poor conduct while previously on probation made a grant of additional probation inappropriate: "Typically, a deferred judgment is reserved for someone who is a first-time offender, someone who shows a lot of promise, and the Court expects exemplary conduct from someone in that situation. And clearly, your conduct was anything but exemplary." The court also told Pherigo that he "had violated the terms of probation in a number of different ways."

Third, the court indicated Pherigo's attitude was incompatible with granting a suspended sentence and probation. In addition to the statement quoted in Pherigo's brief, the court stated:

> I'm not one hundred percent convinced today that you are in the right frame of mind to succeed on probation. I think it is questionable. If having the incentive of having this offense stricken from your record wasn't sufficient to induce you to comply with probation, I'm not sure now with a suspended sentence and probation—how that would change, how you would operate any differently under a suspended sentence than you did under a deferred judgment. In other words, there was a great deal of incentive for you before to get through this probation, get this thing off your record and not have to have a theft conviction on your record.

The court determined another opportunity for Pherigo to avoid prison was not warranted. We find the record made by the district court satisfies the requirements of rule 2.23(3)(d).

### 4. Conclusion

The district court did not abuse its discretion in determining the sentence. Further, the court did not fail to provide Pherigo his allocution right or fail to enumerate the reasons underlying its sentence. Accordingly, we affirm the district court.

**AFFIRMED.**