# IN THE COURT OF APPEALS OF IOWA

No. 20-0212
Filed March 30, 2022

**COBY EUANS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Fayette County, Laura Parrish, Judge.

Coby Euans appeals the denial of his postconviction-relief application, claiming a breach of an essential duty by trial counsel and, for the first time on appeal, a breach of an essential duty by postconviction counsel. **AFFIRMED.**

Thomas M. McIntee, Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**SCHUMACHER, Judge.**

Coby Euans appeals from the denial of his postconviction-relief (PCR) application. Euans argues his trial counsel was ineffective in the delivery of recommendations to the court concerning the application of a federal sentencing order to state court probation revocation proceedings. Euans, for the first time on appeal, also alleges his PCR counsel was ineffective for arguing the court had discretion to choose between consecutive and concurrent sentences under federal law. Finally, Euans asserts both trial counsel and PCR counsel were ineffective for failing to obtain a copy of the federal sentencing order. We find neither trial counsel nor PCR counsel breached an essential duty. Accordingly, we affirm.

## I.    Background Facts & Proceedings

Euans was convicted in state court on two drug charges in 2013: possession of marijuana, third offense; and conspiracy to deliver methamphetamine. He pled guilty and received concurrent five- and ten-year sentences. The sentences were suspended, and Euans was placed on probation. The State filed a report of violation of probation in December 2015, based on Euans's federal conviction for drug trafficking that same year. The federal district court sentenced Euans to sixteen years in prison and ordered the sentence to run consecutively to any sentence yet to be imposed in state court.[1] Euans's attorney did not have a copy of the federal sentencing order at the probation revocation hearing but spoke with Euans's federal defense counsel and a representative from

---

[1] The federal sentencing order is not contained in the record. Both parties agreed at the probation revocation hearing that the order required consecutive sentencing, although Euans now claims such agreement does not reflect the actual order.

the United States Marshals Service, both of whom confirmed the order provided for consecutive sentences.

Euans admitted to the probation violation; however, disposition on the probation violation was contested. The State argued the state sentences were required to run consecutively pursuant to the federal sentence. Euans's attorney requested concurrent sentencing. Euans's attorney also suggested that the court could modify Euans's probation or give Euans credit for time served. Euans's counsel argued:

> Your Honor, just briefly, when you're talking about Section 3584, the position of the United States has been that that section does not authorize a federal sentencing court to order a concurrent or consecutive sentence with a sentence yet to be imposed. Now, I guess it's—whether or not the federal court can say consecutive or concurrent to that time is up to some interpretation, because he had been sentenced in state court previously but that state sentence had not been imposed. So I would just leave that up to the court.

The district court imposed Euans's original sentence, to be run consecutively to the federal convictions, stating, "[I]t does appear that the federal government has taken the position that these sentences must be consecutive. I will comply with that . . . ."

Euans filed a PCR application in March 2017, claiming trial counsel was ineffective in failing to argue for concurrent sentences and in failing to argue federal law was not binding on the state court. Euans's PCR counsel argued, "Our position is really two-fold. One is: It doesn't matter what the guidelines from the federal court system say. State court judges apply state law . . . . And even if [federal law bound state courts], the judge was given misinformation [on what federal law required]." The PCR court denied the application, finding the trial court record

supported that trial counsel argued for concurrent sentences and Euans suffered no prejudice. Euans appeals.

## II. Standard of Review

Generally, we review an appeal from a denial of postconviction relief for correction of errors at law. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). "However, when the applicant asserts claims of a constitutional nature, our review is de novo. Thus, we review claims of ineffective assistance of counsel de novo." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001) (internal citation omitted).

## III. Analysis

Euans contends his trial counsel was ineffective for failing to investigate the federal sentencing order, as well as for failing to adequately argue for concurrent sentencing.[2] Additionally, he argues PCR counsel was ineffective for failing to investigate the federal sentencing order and for erroneously arguing the court had discretion to order concurrent or consecutive sentences under the federal sentencing guidelines.

To prevail on a claim of ineffective assistance of counsel, the applicant must demonstrate (1) counsel breached a duty and (2) the applicant suffered prejudice.

---

[2] Outside of Euans's two issues framed for appeal, Euans suggests the district court abused its discretion by basing its sentence entirely on the federal sentencing order for consecutive sentencing. As to his trial attorney, Euans failed to raise the matter at the PCR level, so it is unpreserved. Iowa Code § 822.8 (2017) ("All grounds for relief available to [a PCR] applicant under this chapter must be raised in the applicant's original, supplemental or amended application."); *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). And Euans has not developed such as part of his argument concerning his assertions in relation to his PCR counsel, so we determine such to be waived. *See* Iowa R. App. P. 6.903(2)(g)(3).

*Lamasters*, 821 N.W.2d at 866. The applicant must demonstrate both prongs by a preponderance of the evidence. *Ledezma*, 626 N.W.2d at 142. "Failure to demonstrate either element is fatal to a claim of ineffective assistance." *State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

To establish a breach of duty, the applicant must show "the attorney performed below the standard demanded of a reasonably competent attorney." *Ledezma*, 626 N.W.2d at 142. "We measure the attorney's performance against 'prevailing professional norms.'" *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). "[I]neffective assistance is more likely to be established when the alleged actions or inactions of counsel are attributed to a lack of diligence as opposed to the exercise of judgment." *Id.* We examine each claim in light of the totality of the circumstances. *Id.*

To demonstrate prejudice, the applicant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Euans's trial counsel did not breach an essential duty. The State argued that a consecutive sentence was required. Euans's counsel originally asked the court "either run these state charges concurrently to his federal charges or modify his probation." When pressed by the court on whether it could override the federal court order, Euans's attorney suggested an alternative would be to order no prison time or time served. However, counsel also argued that the "position of the United States has been that that section does not authorize a federal sentencing court to

order a concurrent or consecutive sentence with a sentence yet to be imposed." Counsel concluded this explanation by stating, "So I would just leave that up to the court." Euans's trial counsel adequately informed the court that it could impose concurrent sentencing. We will not second-guess counsel's reasonable actions. *See Lamasters*, 821 N.W.2d at 866. Even if the court erroneously believed it was bound by the federal order, the court's alleged improper sentencing decision does not transform counsel's actions into ineffective assistance.[3]

As to Euans's claim that his trial counsel was ineffective in failing to produce a copy of the federal sentencing order, we find such argument to be unpreserved, as it was neither raised before nor ruled on by the district court. *See Meier*, 641 N.W.2d at 537.

Euans also argues his PCR counsel was ineffective for failing to investigate the federal sentencing order and in erroneously arguing the federal sentencing guidelines gave the court discretion to order consecutive or concurrent terms. Euans raises his claim of ineffective assistance of PCR counsel for the first time on appeal. If the record is sufficient to allow resolution of a claim of ineffective assistance of PCR counsel raised for the first time on appeal, we may address the claim. *See Goode v. State*, 920 N.W.2d 520, 526-27 (Iowa 2018). Here, we determine the record is sufficient to decide this issue and proceed accordingly.

---

[3] In deciding this issue, we note that although the State argues Euans could have appealed the revocation order, there is not a right to file a direct appeal from a probation revocation proceeding where, as in this case, the applicant was not granted a deferred judgment. *State v. Rheuport*, 225 N.W.2d 122, 123 (Iowa 1975); *cf. State v. Farmer*, 234 N.W.2d 89, 90-91 (Iowa 1975).

Euans's PCR counsel correctly argued that state court judges are not bound by federal orders. For instance, PCR counsel was clear that, "The sovereignty of the state judicial system is just that. We are not subject to the federal rules for their judges." Similarly, counsel argued, "It doesn't matter what the guidelines from the federal court system say. State court judges apply state law." Thus, PCR counsel correctly argued that the state court was not bound by the federal sentencing order.[4]

While counsel did argue that, in the event the federal guidelines apply, they permit either concurrent or consecutive sentencing, such was an argument in the alternative to the primary argument. We will not second-guess how counsel framed their argument. *See Lamasters*, 821 N.W.2d at 866 ("When counsel makes a reasonable tactical decision, this court will not engage in second-guessing. Selection of the primary theory or theories of defense is a tactical matter." (citation omitted)). PCR counsel accurately argued that the trial court had discretion under state law to impose a concurrent sentence. There was no breach of duty by PCR counsel.

Euans also argues his PCR counsel was ineffective because the federal sentencing order did not provide for consecutive sentences. However, Euans offers nothing beyond this mere allegation. The federal order is absent from the record. At the initial probation revocation hearing, both the State and Euans agreed the federal sentencing order provided for consecutive sentences. The

---

[4] The Supreme Court has held that a federal sentencing order does not bind a state court's discretion in deciding between concurrent and consecutive sentences. *See Setser v. United States*, 566 U.S. 231, 241 (2012).

burden is on the applicant to demonstrate counsel's ineffective assistance. *Ledezma*, 626 N.W.2d at 142. Given the absence of any supporting evidence beyond Euans's allegations, Euans failed to establish prejudice resulted from the failure of counsel to produce the federal sentencing order.

Lastly, to the extent Euans argues structural error regarding trial counsel and PCR counsel, we determine such was not raised before the PCR court as to trial counsel. Additionally, as we find no breach by PCR counsel, we reject the request to find a structural error concerning claims against Euans's PCR counsel. We affirm the district court's dismissal of Euans's PCR application.

For these reasons, we affirm the district court.

**AFFIRMED.**