# IN THE COURT OF APPEALS OF IOWA

No. 20-1050
Filed March 30, 2022


**ANTHONY SANDERS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____


Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.


Anthony Sanders appeals the denial of his application for postconviction relief. **AFFIRMED.**


Allan M. Richards, Tama, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.


Considered by May, P.J., Ahlers, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**AHLERS, Judge.**

In 2008, Anthony Sanders pleaded guilty to lascivious acts with a child. He was granted a deferred judgment and placed on probation. In 2013, his deferred judgment was revoked due to probation violations. He was adjudicated guilty of the offense and sentenced to a term of incarceration not to exceed ten years. About one week later, the district court entered an amended order imposing a lifetime special sentence—a sentencing term required by Iowa Code section 903B.1 for Sanders's commission of a sex offense—because the court previously failed to do so.

In 2015, Sanders filed a motion for correction of an illegal sentence, asserting he was a minor at the time of his offense so imposition of a lifetime special sentence was cruel and unusual punishment. The district court denied the motion, and we affirmed the denial on appeal. *See State v. Sanders*, No. 15-1870, 2017 WL 2875685, at *1 (Iowa Ct. App. July 6, 2017). Procedendo issued in 2017.

In 2019, Sanders filed a second motion for correction of an illegal sentence, this time asserting the lifetime special sentence was illegal because he was not present when it was imposed. The district court denied the motion, finding the lifetime special sentence was required by statute so was not illegal. Sanders did not appeal the denial of his motion.

Later in 2019, Sanders filed his application for postconviction relief (PCR), which is at issue here. In his application, Sanders alleges his guilty plea was not knowing and voluntary because his attorney failed to inform him of the lifetime special sentence before he pleaded guilty and because he was not present when the court imposed the lifetime special sentence. The State moved to dismiss

Sanders's application. The district court granted the State's motion because his illegal-sentence claims were previously decided and his ineffective-assistance-of-counsel claim is barred by the statute of limitations.

Sanders only appeals the court's ruling that his ineffective-assistance-of-counsel claim is barred by the statute of limitations.[1] "Our review of the court's ruling on the State's statute-of-limitations defense is for correction of errors of law." *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003).

Generally, a PCR application "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3 (2019). Sanders argues the statute of limitations began to run on August 7, 2017, the date procedendo issued following his unsuccessful attempt to correct his allegedly illegal sentence. He contends that, since his PCR application was filed less than three years after that date, it is not barred by the statute of limitations.

Our supreme court has already rejected the argument that the PCR statute of limitations begins to run anew following a proceeding for correction of an illegal

---

[1] The State argues Sanders failed to preserve error on his statute-of-limitations argument. The State notes Sanders's attorney acknowledged at the PCR hearing "we are past the standard three-year statute of limitations, so this is primarily a claim of a motion to correct illegal sentence." While this comment by Sanders's counsel lends support to the State's claim, we note that the district court must not have interpreted counsel's comment as an abandonment of Sanders's resistance to the State's statute-of-limitations defense, because the court's order expressly found that Sanders's PCR "claims are now barred pursuant to" the statute of limitations. Therefore, we find Sanders's statute-of-limitations argument preserved for our review. *See Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012) ("If the court's ruling indicates that the court *considered* the issue and necessarily ruled on it, even if the court's reasoning is 'incomplete or sparse,' the issue has been preserved." (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002))).

sentence. *See Sahinovic v. State*, 940 N.W.2d 357, 359–61 (Iowa 2020). Instead, the statute of limitations begins to run on the date the conviction becomes final. *See id.* at 361. We agree with the State that Sanders's conviction became final no later than 2013 when his deferred judgment was revoked and his sentence was imposed. *See Daughenbaugh v. State*, 805 N.W.2d 591, 599 (Iowa 2011) (finding Iowa Code chapter 822's use of the term "conviction" to mean adjudication of guilt and the entry of judgment); *State v. Farmer*, 234 N.W.2d 89, 92 (Iowa 1975) ("[A] judgment imposing sentence on the charge is sufficient to constitute an adjudication of guilt."). Sanders did not disturb this finality by filing his motion for correction of an illegal sentence. *See Sahinovic*, 940 N.W.2d at 361. Because more than three years passed between Sanders's conviction becoming final and the filing of his PCR application, the district court correctly ruled that his PCR application is barred by the three-year statute of limitations established by Iowa Code section 822.3.

**AFFIRMED.**