# IN THE COURT OF APPEALS OF IOWA

No. 23-1470
Filed January 9, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CARLOS ENRIQUE WAKELY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Kimberly J. Smith,

Judge.


        A defendant challenges the revocation of his deferred judgment.

**AFFIRMED.**


        Austin Jungblut of Parrish Kruidenier L.L.P., Des Moines, for appellant.

        Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney

General, for appellee.


        Considered by Tabor, C.J., and Ahlers and Sandy, JJ.

**TABOR, Chief Judge.**

Carlos Wakely appeals the revocation of his deferred judgment. He claims the district court acted out of emotion when considering his probation violation and then entering judgment on his serious misdemeanor conviction.

The court granted Wakely a deferred judgment in January 2023 after he pleaded guilty to domestic abuse assault causing bodily injury in violation of Iowa Code section 708.2A(2)(b) (2022).[1] Four months later, Wakely's probation officer reported violations. At a revocation hearing in August, Wakely stipulated to one violation—failing to provide an updated address to his probation officer. The State lobbied the court to revoke Wakely's deferred judgment, asserting:

> [W]e feel like he's lied to [his probation officer] regarding where he's been living, where he's been staying. He's indicated before that he was going to be residing at the victim's residence, which he can't. He indicated he was homeless, but . . . he, in fact, had a lease for a residence . . . .

In response, Wakely said he would do community service or jail time, but he wished to "keep that deferred." His attorney told the court that if Wakely had a conviction on his record, there was "a very good possibility that he would lose his job."

At first, the court suggested it would not revoke the deferred judgment, giving Wakely the option to extend probation for a year. But when Wakely expressed frustration with that choice by uttering "Jesus" and saying he could not agree, the court changed its mind and revoked his deferred judgment. The court placed Wakely on probation for one year with conditions—that he complete

---

[1] As part of the guilty plea, he admitted grabbing his wife by the arm and bending back her wrist.

domestic abuse programming, wear a GPS monitor, have no contact with his wife, and obtain a mental-health evaluation. Wakely appealed in September 2023.[2]

Before reaching the merits of Wakely's claim, we turn to the State's request that we dismiss his appeal as moot. To advance its position, the State highlights events since Wakely filed his notice of appeal. Indeed, we may consider matters outside our record to determine whether a dispute is moot. *Riley Drive Ent. I, Inc. v. Reynolds*, 970 N.W.2d 289, 296 (Iowa 2022). Here are those events. Four days after Wakely's appeal from the revocation of his deferred judgment, his probation officer filed a new report of violations. Wakely then stipulated to GPS breaches and failure to attend appointments. In October 2023, the court revoked Wakely's probation and ordered him to serve fifteen days in jail. Because Wakely discharged his sentence, the State argues that his challenge to the revocation of his deferred judgment is moot. The State relies on two unpublished cases from our court where we dismissed appeals as moot because the offenders had discharged their sentences: *State v. Kucharo*, No. 22-1881, 2024 WL 2842307, at *3 (Iowa Ct. App. June 5, 2024), and *State v. Johnson*, No. 16-0976, 2017 WL 2684342, at *2–3 (Iowa Ct. App. June 21, 2017).

---

[2] The State contends that Wakely can only challenge his probation revocation by applying for postconviction relief. That contention would be correct if probation was granted after, rather than before, imposition of judgment and sentence. *See State v. Rheuport*, 225 N.W.2d 122, 123 (Iowa 1975). But since Wakely received a deferred judgment, he may attack the revocation order by direct appeal. *See State v. Farmer*, 234 N.W.2d 89, 90–91 (Iowa 1975). On a related note, Wakely has good cause to appeal, despite having entered a guilty plea. *See State v. Thompson*, 951 N.W.2d 1, 5 (Iowa 2020) (finding good cause to challenge order revoking deferred judgment).

The State is right that discharge of a sentence can render a challenge to that punishment moot. *See Lane v. Williams*, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot."). But Wakely's case differs from *Lane*, *Kucharo*, and *Johnson*. Wakely is contesting more than his sentence; he is disputing the loss of his deferred judgment. If we were to grant the relief he seeks, he would return to prejudgment status where he had no criminal conviction. *See* Iowa Code § 907.1(1) (defining deferred judgment as "a sentencing option whereby both the adjudication of guilt and the imposition of a sentence are deferred by the court"). Thus, our ruling would have a practical legal effect on the existing controversy. *See Clarke Cnty. Reservoir Comm'n v. Robins*, 862 N.W.2d 166, 174 (Iowa 2015). Because Wakely's claim is not moot, we proceed to the merits.

At the heart of Wakely's claim is the court's reaction to his insolence at the hearing. He contends that the court "abused its discretion when it revoked [his] deferred judgment and sentenced him to a suspended sentence after being interrupted when asked if he wished to extend his probation." Wakely maintains that the court did not give "a legally sufficient reason" for the revocation. Rather, in his view, it "based its ruling on emotion as it was clearly frustrated with Mr. Wakely during the entire proceeding and for using the word Jesus."

We will overturn the revocation of a deferred judgment only if the district court abused its discretion in deciding the best course. *State v. Covel*, 925 N.W.2d 183, 187 (Iowa 2019). "The district court has broad discretion in determining

whether probation should be continued or revoked." *Id.* at 188. The court abuses its discretion when the basis for the revocation is clearly unreasonable. *Id.*

The court did not abuse its broad discretion here. Even before Wakely used profanity, the court said it was "wholly unimpressed" by his presentation at the hearing. The court noted his bad attitude and his reluctance to provide information. The court questioned whether he could abide by the terms of his probation—"the truth is that you can only be supervised if you comply with that supervision." The court did not perceive Wakely as taking responsibility for his actions, paraphrasing his lament: "it was everybody else's fault. It wasn't your fault." Yet the court expressed its willingness to preserve the deferred judgment if Wakely agreed to another year of probation. When he balked at that suggestion, the court exercised its discretion to revoke the deferred judgment.

The court's decision was an appropriate reaction to Wakely's attitude. A defendant's demeanor reveals his character and can be considered when revoking the deferred judgment. *See State v. Palmer*, No. 03-1193, 2004 WL 240012, at *2 (Iowa Ct. App. Feb. 11, 2004). The record shows Wakely's "propensities toward being unable to control himself" even in the courtroom. *Covel*, 925 N.W.2d at 188. And Wakely's lack of remorse reflects his attitude about the incident, which was relevant to his need for rehabilitation. *See State v. Knight*, 701 N.W.2d 83, 87 (Iowa 2005).

As the State acknowledges, the court "could have given a fuller explanation of why it chose [this sentencing] option." But we review the oral findings alongside the written order, which documented the court's consideration of the nature and circumstances of the assault, protection of the public, Wakely's criminal history,

his propensity for further criminal acts, his maximum opportunity for rehabilitation, and the plea agreement. In the end, the court did not abuse its discretion by substituting a suspended sentence in place of Wakely's deferred judgment because the substitution was a sentence "which might originally have been imposed." Iowa Code § 908.11(4); *Covel*, 925 N.W.2d at 189.

**AFFIRMED.**