# IN THE COURT OF APPEALS OF IOWA

No. 23-1535
Filed April 9, 2025

**MAZIN MUDASIR MOHAMEDALI,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Johnson County, Sean McPartland,

Judge.


        A postconviction-relief applicant appeals the district court's order granting

summary disposition and dismissing his application. **REVERSED AND**

**REMANDED.**


        Gregory F. Greiner, Assistant Public Defender, for appellant.

        Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee.


        Considered without oral argument by Tabor, C.J., and Ahlers and

Sandy, JJ.

**AHLERS, Judge.**

In 2018, Mazin Mohamedali pleaded guilty to second-degree robbery, a class "C" felony—a crime Mohamedali committed when he was seventeen years old. The district court entered judgment and sentenced Mohamedali to serve an indeterminate term of incarceration not to exceed ten years. The sentence did not include a mandatory minimum term of incarceration. The court suspended Mohamedali's sentence and placed him on probation.

Over the next few years, Mohamedali repeatedly violated the terms of his probation, prompting the State to start probation-revocation proceedings in 2022. In those proceedings, Mohamedali admitted to violating terms of his probation. As to recommendations for disposition, neither the State nor Mohamedali seemed to acknowledge or recognize that the original sentence had not imposed a mandatory minimum, as the State asked the court to impose the "original sentence of ten years in prison" with a seventy percent mandatory minimum, and Mohamedali's counsel asked the court to impose a fifty percent mandatory minimum.

The probation-revocation court revoked Mohamedali's probation and ordered him to serve the original ten-year sentence. It also imposed a six-year mandatory minimum. Mohamedali filed a notice of appeal. But a three-justice panel of the supreme court dismissed his appeal on its own motion, explaining that "Iowa Code chapter 822 provides the exclusive remedy for challenging a probation revocation." *See State v. Allen*, 402 N.W.2d 438, 440–41 (Iowa 1987) ("[P]robation revocation can be challenged only by application for postconviction relief and not by direct appeal."); *State v. Rheuport*, 225 N.W.2d 122, 123 (Iowa 1975) ("We hold chapter 663A [(now recodified in chapter 822)] provides the exclusive remedy for

challenging revocation of probation."); *State v. Hoffman*, No. 17-1528, 2018 WL 4923019, at *4 (Iowa Ct. App. Oct. 10, 2018) ("As a general rule, direct appeal from a probation-revocation proceeding is not allowed. Postconviction-relief proceedings are the exclusive remedy." (internal citation omitted)).

In addition to filing two motions to correct an illegal sentence in his criminal case, both of which the district court denied, Mohamedali also filed an application for postconviction relief (PCR) under chapter 822 (2022) claiming the probation-revocation court did not properly consider juvenile sentencing factors when setting the mandatory minimum. Both the State and Mohamedali filed motions for summary disposition. The PCR court interpreted Mohamedali's application as a motion to correct an illegal sentence and granted the State's motion for summary disposition, dismissing Mohamedali's application because it found the probation-revocation court considered the necessary factors when it imposed a mandatory minimum. In doing so, the PCR court also denied Mohamedali's application.

Mohamedali appeals. He argues the "PCR court erred in granting a motion for summary disposition when material facts existed regarding [his] mandatory minimum probation revocation sentence when considering his juvenile status at the time of the offense" and that "the PCR court erred by not finding that the probation revocation court entered an unlawful sentence."

I. **Standard of Review**

Summary dispositions of PCR applications are reviewed for correction of errors at law. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019). When the PCR court grants summary disposition under section 822.6 (2022), we apply summary judgment standards on appeal. *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018).

Those standards recognize that summary disposition is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Id.* (quoting Iowa R. Civ. P. 1.981(3)).

## II.     Discussion

### A.     Failure to Apply Juvenile-Sentencing Factors

Mohamedali first argues the probation-revocation court imposed an illegal sentence because it didn't properly apply juvenile-sentencing factors. *See State v. Roby*, 897 N.W.2d 127, 135 (Iowa 2017) (listing juvenile sentencing factors). But the claim Mohamedali attempts to raise regarding improper consideration of juvenile sentencing factors is not an illegal sentencing challenge as he suggests. *See Goodwin v. Iowa Dist. Ct.*, 936 N.W.2d 634, 643–44 (Iowa 2019) (explaining why a challenge to the application of the juvenile sentencing factors is not a challenge to an illegal sentence). Nor is it a claim on which relief could be granted under chapter 822. *See* Iowa Code § 822.2(1). As a result, we reject Mohamedali's challenge regarding the probation-revocation court's application of the juvenile-sentencing factors.

### B.     Imposition of a Mandatory Minimum

To resolve Mohamedali's second claim, we must first determine whether the probation-revocation court imposed a sentence. If things had progressed in accordance with statutory provisions at the dispositional phase of Mohamedali's probation-revocation proceeding, we would conclude the probation-revocation

court did not impose a sentence and simply subjected Mohamedali to the previously suspended sentence.

As noted, at his criminal sentencing, Mohamedali was adjudicated guilty of second-degree robbery and sentenced to serve an indeterminate term of incarceration not to exceed ten years with no mandatory minimum. The sentencing court suspended that sentence and placed Mohamedali on probation. Once it was established that Mohamedali violated his probation, the probation-revocation court had at its disposal only those options set forth in Iowa Code section 908.11(4). Specifically, the probation-revocation court could (1) hold Mohamedali in contempt, (2) extend the period of probation, or (3) revoke the probation "and require the defendant to serve the sentence imposed or any lesser sentence."[1] *See id.* § 908.11(4). If the probation-revocation court had chosen the third option and required Mohamedali to serve the original ten-year sentence, we would not conclude it "imposed" a sentence. We would simply conclude the court required Mohamedali to serve the sentence originally imposed as permitted by section 908.11(4).

But that's not what happened here. Instead, the probation-revocation court not only revoked Mohamedali's probation and required him to serve the original ten-year sentence, it added a six-year minimum sentence—a minimum not imposed in Mohamedali's original sentence. Because the probation-revocation

---

[1] In instances where imposition of sentence was previously deferred, then the probation-revocation court "may impose any sentence which might originally have been imposed." Iowa Code § 908.11(4). However, this option was not available to the probation-revocation court in this instance because imposition of Mohamedali's sentence was not previously deferred.

court imposed a mandatory minimum period of incarceration that was not originally ordered, we conclude the court imposed a new sentence.

As for Mohamedali's second claim, he "asserts that the probation-revocation court did not have the authority to increase the original criminal sentence" and impose a new harsher sentence. Mohamedali contends that this amounts to an illegal sentence because the probation-revocation court could not lawfully impose a new sentence when he had already been sentenced. This point is key because Mohamedali failed to receive a ruling on this claim from the PCR court, seemingly failing to preserve error and preventing this court from reaching the merits. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). But an illegal sentencing challenge can be raised at any time, including for the first time on appeal. *See State v. Chawech*, 15 N.W.3d 78, 86 (Iowa 2024) (noting that error-preservation principles are irrelevant to illegal sentences and challenges to the sentence are not waived by failing to raise it in the district court). We conclude his claim amounts to an illegal sentencing challenge, so we can address the merits. *See id.*

Turning to the merits, we conclude the sentence imposed by the probation-revocation court was an illegal one. While the sentence imposed was within statutory limits if the probation-revocation court had been the original sentencing court, it could not be lawfully imposed as a disposition of Mohamedali's probation violation. The original sentencing court set the outer boundaries of Mohamedali's sentence. Once the probation-revocation court decided to revoke Mohamedali's probation, it only had the option to "require the defendant to serve the sentence

imposed or any lesser sentence." *See* Iowa Code § 908.11(4). It could not lawfully impose a mandatory minimum to Mohamedali's original sentence.

Because the probation-revocation court had no authority to add a mandatory minimum to Mohamedali's sentence, its action in doing so constituted the imposition of an illegal sentence. Therefore, we reverse the PCR court's decision to grant the State's motion for summary disposition and dismiss Mohamedali's PCR application. In doing so, we mean no criticism of the PCR court. As previously noted, Mohamedali never raised this issue to the PCR court. We remand for entry of an order granting Mohamedali's motion for summary disposition and an order granting his PCR application to strike that part of the probation-revocation order that imposed a mandatory minimum sentence, to result in Mohamedali being required to serve the originally imposed sentence with no mandatory minimum.

**REVERSED AND REMANDED.**